LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, PLAINTIFF IN ERROR, v. BOARD OF PUBLIC INSTRUCTION FOR JACKSON COUNTY, DEFENDANT IN ERROR.

1. A proceeding under Section 1542 Revised Statutes of 1892 to have an assessment declared not lawfully made, will not reach irregularities in publishing notices preliminary to calling an election for sub-district school tax

2. The summary nature of the proceeding under Section 1542 Revised Statutes of 1892, to have declared an assessment not lawfully made, requires a narrow definition of "assessment."  The word defined.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated  in the opinion of the Court.

*Benj. S. Liddon* and *W. E. B. Smith,* for Plaintiff  in Error.

*Wm. B. Farley,* for Defendant in Error.

COCKRELL, J.  A petition was filed under Section 1542 Revised Statutes of 1892, to have declared not lawfully made an assessment upon portion of the petitioner's railroad in a designated division of Jackson county, by reason of a levy of a three mill special school tax, imposed by the State Comptroller.  The attack upon the assessment is confined wholly to alleged irregularities in publishing the notices preliminary to the calling of an election to decide whether the district would impose the tax, and to select trustees should the tax be carried.  A demurrer to the second amended petition interposed by the Jackson County Board of Public Instruction was sustained and the petitioner declining to amend further the petition was dismissed.

There were many grounds technical and substantial named in the demurrer, on which the action of the court in sustaining the demurrer might well be placed, but we

prefer planting an affirmance squarely upon the inadequacy of the statutory remedy pursued to reach the alleged defect.

In Jackson County v. Thornton, 44 Fla. 610, 33 South. Rep. 291, where the statute is set out in full, we called attention to the summary nature of the statute, with no provision for parties, the limited power conferred upon the Circuit Judge, and that its scope should not be broad. "It is a remedy allowed by the State in favor of persons and bodies corporate to have annulled an assessment of property in proceedings to collect revenue for governmental purposes on account of illegality in matters of law connected with the assessment" and does not embrace the subject of valuations." That case followed in its limitations upon the act, the early construction placed thereon in Shear v. County Commissioners of Columbia County, 14 Fla. 146. Keeping in mind then the narrow scope of the statute, we are called upon to define the word "assessment" therein used. "Valuation" as an incident to the term has been eliminated by our decisions and it seems to us there is nothing left but the clerical act of extending in the assessment rolls the name of the party assessed, the description of the property, the value as fixed by the proper tribunal, the millage for various purposes and the total amount of the tax. For mistakes in these clerical duties the Circuit Judge is made a reviewing officer, with power merely to "declare the assessment not lawfully made." As instance where the statute may operate, we may cite the misnaming of the owner, misdescription of the land, duplicate listing of the same land, or an arithmetical mistake in carrying out the totals.

The summary remedy provided, without notice to anyone and without power in the Circuit Judge to suspend action pending the proceeding to test whether the

"assessment" was lawfully made, will not be extended to a proceeding with a scope as broad or broader than a formal bill in equity and a *quo warranto* combined.

Judgment affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.