Knight et' al. v. Matson et al.—Syllabus.

ROBERT J. KNIGHT AND WILLIAM C. KNIGHT, AS COPART-
NERS DOING BUSINESS UNDER THE NAME AND STYLE OF
KNIGHT BROTHERS, PLAINTIFFS IN ERROR, v. R. H. MAT-
SON, SR., CHAIRMAN, E. T. BOWMAN, JOHN BARNES,
J.F. PEDRICK AND FLOYD ROOKS, AS MEMBERS OF THE
BOARD OF COUNTY COMMISSIONERS OF CITRUS COUNTY,
FLORIDA, HERBERT L. ANDERSON, AS TRUSTEE, GEORGE
J. BOSWELL, AS TAX ASSESSOR OF CITRUS COUNTY,
FLORIDA, DANIEL A. CLARK AND WALTER RAY, AND THE
CRYSTAL RIVER LUMBER COMPANY, A FLORIDA CORPORA-
TION, DEFENDANTS IN ERROR.

Section 1542, Revised Statutes of 1892, section 2006, General
    Statutes of 1906, providing a summary remedy by petition
    to declare the assessment on real estate not lawfully made,
    embraces those assessments only in which there is error on
    the face of the assessment roll. This remedy by petition is
    not co-extensive with that afforded by a court of equity,
    and is not available after the assessed property has been
    sold for taxes, and a certificate of sale thereof has been
    issued, or a tax deed executed, and the rights of third per-
    sons have become involved.

This case was decided by Division B.

Writ of Error to the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the
court.

*T. P. Lloyd,* for Plaintiffs in Error;

No appearnace for Defendants in Error.

39—S ᴗ

PARKHILL, J.: On the 11th day of July, 1906, the plaintiffs in error filed a petition in the circuit court for Citrus county. The petition, omitting formal parts, is as follows:

"Your petitioners, Robert J. Knight and William C. Knight, as copartners, doing business under the name and style of Knight Brothers, who reside in Citrus county, Florida, represent unto your honor and allege the following state of facts to be true: That your petitioners are and have been since the 6th day of July, 1905, the owners of the legal title to the following described lands, in Citrus county, Florida, to wit: an undivided three-fourths interest in all of section 2, section 5, all of section 8, all of section 11, all of section 17, N. $\frac{1}{2}$ and SE. $\frac{1}{4}$, N. $\frac{1}{2}$ of SW. $\frac{1}{4}$, SE. $\frac{1}{4}$ of SW. $\frac{1}{4}$ of section 20, NE. $\frac{1}{4}$ and N. $\frac{1}{2}$ of SE. $\frac{1}{4}$ of section 21, S. $\frac{1}{2}$ of section 22, all section 23, all section 26, all of section 27, all in township 19 south, of range 18 east. Also the SW. $\frac{1}{4}$ of SW. $\frac{1}{4}$ of section 7, NE. $\frac{1}{4}$ of NE. $\frac{1}{4}$ section 13, all. Also the SW. $\frac{1}{4}$ of NW. $\frac{1}{4}$ and NW. $\frac{1}{4}$ of SW. $\frac{1}{4}$ of section 2, township 19 south, range 20 east. That your petitioners purchased said lands for a valuable consideration from Herbert L. Anderson, as trustee, and that your petitioners received and now hold a deed of conveyance of the said lands, executed and delivered to them by the said Herbert L. Anderson, as trustee, and your petitioners further show that before and on the 25th day of April, 1899, one W. J. Hillman was the owner of the legal title to the above described lands, and was in possession of the same, and that on the 25th day of April, 1899, the said Hillman executed and delivered to Robert J. Knight, one of your petitioners, an indenture of lease, by the terms of which the said Robert J. Knight, for a valuable consideration, then and

there paid by him, the said Knight, to the said Hillman, acquired the privilege and right to enter upon the said lands, hold possession of the same, and use the pine timber growing on the same for turpentine purposes, and that the said Robert J. Knight then and there entered into actual possession of the said lands held under and by virtue of the said lease aforesaid, and your petitioners show that subsequently the said Knight assigned and conveyed to his copartner, William C. Knight, an interest in the said turpentine lease, and that at the time of the filing of this petition your petitioners are in the actual possession of the said lands, working the same for turpentine purposes, and that beginning with the 25th day of April, 1899, your petitioner, Robert J. Knight, and your petitioners herein, have been in the continuous possession of the said lands, using the same for turpentine purposes, occupying the same for the above named purposes with their laborers, and subjecting the same to the character of possession of which the same are capable, and particularly petitioners charge that from and after the 31st day of December, 1901, up to and including the 1st day of April, 1902, Robert J. Knight, one of your petitioners, was in the actual open, notorious possession of the said lands, using the same for turpentine purposes, and that the said Robert J. Knight had before that time boxed the pine trees growing upon the said lands for turpentine purposes, and was during said last mentioned dates in the actual possession of the same, and that his use and occupation of the said premises was under and by virtue of the lease from the said Hillman, and was evidenced by the boxing, chipping, scraping and working of the pine trees growing on the

said lands, and that his possession was open and notorious.

Petitioners further show that between the year 1899 and the 31st day of December, 1901, W. J. Hillman was the owner of the legal title to the said lands, and that the said Robert J. Knight was in the possession of the same, as above set out; that on the 31st day of December, 1901, the said Hillman made and delivered a warranty deed of conveyance of the above described lands to H. L. Anderson as trustee, and that the said Anderson as trustee purchased the said lands for a valuable consideration, subject to the lease and occupation of the said lands by the said Knight, as aforesaid, and that the said Anderson took delivery of the said deed on the 31st day of December, 1901, and that from and after that date up to the 12th day of January, 1903, the said Anderson was the owner of the legal title to the three-fourths interest above set out, and that no other person between said dates owned said lands.

Petitioners further show that on the 6th day of July, 1901, the said Herbert L. Anderson conveyed the said lands to your petitioners, who were already at the time in the possession of the same.

Petitioners further show that the deed of conveyance from the said Hillman to the said Anderson as trustee conveyed all of the said lands; that on the 30th day of December, 1901, the said Anderson, as trustee, sold and conveyed an undivided one-fourth interest in the said lands to Walter Ray and Daniel A. Clark, subject to the lease for turpentine purposes made by the said Hillman to the said Robert J. Knight, as aforesaid.

Your petitioners show that between the first day of January and the first day of April, 1902, the tax assessor

of Citrus county, Florida, assessed all of the above described lands, not dividing the same nor assessing the separate interest then owned and held by the said H. L. Anderson as trustee, and the said Clark and Ray, but as one body of land, all the tract of land above set out, and that the said assessor assessed the same in the name of W. J. Hillman, the former owner of the same, and your petitioners allege that the assessment of the said lands by the tax assessor between the first day of January and the first day of April, 1902, was illegal, contrary to law, and wholly void, because your petitioners show that between the first day of January and the first day of April, 1902, the said tax assessor did not ascertain by diligent inquiry the names of all taxable persons and taxable real estate, and who was the owner or representative of the owner of the said real estate hereinbefore mentioned, as required by law, nor did said tax assessor, as required by the statute at that time in force in relation to the assessment of lands in the state of Florida, ascertain the name of the owner or his representative; the said assessor did not assess the said lands, as required by the statute in force at that time in this state in relation to the assessment of the taxes as unknown, but on the contrary the assessor then and there assessed the said lands to and in the name of W. J. Hillman, and your petitioners allege that the said Herbert L. Anderson as trustee, nor the said Daniel A. Clark or Walter Ray, or either of them, nor their legal representatives, made a return as contemplated by the statute in such cases unto the tax assessor of the county of Citrus of the lands above described, or any part thereof, or any interest therein, for the year 1902, and your petitioners allege that by reason of the omission of the above named parties to so make the said return, it

became and was the imperative and mandatory duty of the said assessor to "enter the word unknown in the column of the assessment roll providing for the name of the owner or his or her legal representative." That the statute by virtue of which the said pretended assessment of the same was made required that the county commissioners of each county in this state shall purchase and have mounted on cloth, or bound in a volume or volumes, two complete sets of photo-lithographed township maps in their respective counties, one copy of which shall remain in the assessor's office, whch may be used by the assessor in preparing said assessment roll.

Petitioners further show that the deed of conveyance from W. J. Hillman to Herbert L. Anderson as trustee, and the deed of conveyance from Herbert L. Anderson to Walter Ray and Daniel A. Clark for an undivided one-fourth interest in said lands, were each duly admitted to record in the public records of Citrus county, Florida, the first of said deeds being filed for record on the 14th day of February, 1902, and the second of the said deeds was filed for record on the 6th day of January, 1902, and petitioners show that by reason of the recordation of the said deeds that the assessor was put upon notice and knew that the said Hillman had, before the year 1902, parted with all of his interest, right and title in and to the said lands; and petitioners show that besides, and outside of the knowledge acquired by the assessor from the records of the said deeds, that as a matter of the fact the said George J. Boswell, assessor, had information of and knew long prior to the first day of April, 1902, the said Hillman had sold all his right, title and interest in said lands.

Petitioners further show that afterwards, during the

year 1903, the three-fourths interest in the said lands above described was sold by the tax collector of the county of Citrus, and was bid in by the state of Florida, and certain certificates evidencing said sale were issued, and that at the time of the filing of this petition said certificates are in existence, but petitioners show that the said sale was based upon the void assessment above set out, and further show that the state of Florida, through its officers and agents in said county, have instituted proceedings based upon the said assessment and sale against your petitioners, charging them with acts of trespass on the said lands, consisting of your petitioners continuing to use said lands in the same manner as the same has been used since the year 1899, for turpentine purposes, based upon the statute in this state purporting to create a penalty for taking and removing turpentine gum, and boxing, chipping and scraping the trees on pine lands which have been sold for taxes, and show to your honor that your petitioners have been subjected to great annoyance, humiliation and costs by reason of the institution and prosecution of the above proceedings, and your petitioners allege that the said officers and agents of the said state of Florida have threatened to institute other and further prosecutions against your petitioners, based upon the said alleged sale and assessment above set out.

Your petitioners further show that they are deprived of the rightful use and benefit of their property which they have bought and now own, and that such deprivation is based wholly upon the void assessment of the said lands as above set out.

Your petitioners further show that they are willing to pay all taxes legally assessed against the lands belonging

to them, including the lands above described, and each and every part of the same, but your petitioners show that if they should pay the taxes assessed against the said lands for the year 1902, your petitioners could not in any proceeding instituted by them against their grantors recover any portion of the money so paid upon said assessment, for the reason, as your petitioners have above set out, the said assessment is wholly void, and your petitioners here offer to pay the taxes upon all or any part of the above described lands in the event this honorable court shall, by adjudication upon the facts in the case, make an order that any portion of the taxes assessed against the above described lands for the year 1902 is lawful or legal assessment against the same.

Wherefore, your petitioners pray that your honor will grant an order directed to the county commissioners of Citrus county, Florida, R. H. Matson, Sr., chairman, E. T. Bowman, John Barnes, J. F. Pedrick and Floyd Rooks, as members of and comprising the board of county commissioners of Citrus county, George J. Boswell, tax assessor of Citrus county, Florida, Herbert L. Anderson, who resides in Marion county, Florida, Walter Ray and Daniel A. Clark, who reside in Marion county, Florida, and the Crystal River Lumber Company, a corporation with its principal place of business at Crystal River, Citrus county, Florida, the above named persons and corporations, your petitioners allege, are the only persons having any interest whatsover in the premises, requiring them and each of them on a day certain and at a time and place fixed in the said order by your honor, then and there to show cause, if any they can, why the assessment of the said lands, as above set out, for taxes for the year 1902, should not be set aside as illegal."

The petition was sworn to. Afterwards, by leave of the court, the petition was amended by adding after the word "east," at the end of the description of the real estate, the following words: "That on the 12th day of January, 1903, petitioners R. J. Knight for a valuable consideration purchased and took conveyance of all timber suitable for saw-mill purposes growing on the lands with privilege of cutting and removing same." A demurrer to the petition was sustained. The plaintiffs not desiring to amend the petition, final judgment was entered on the demurrer; and to reverse this judgment the plaintiffs sued out a writ of error.

The errors assigned present the question whether the court erred in sustaining the demurrer to the petition and in entering judgment thereon.

The plaintiffs in error claim that this is a proceeding under Section 1542, Revised Statutes of 1892, to declare the assessment on said real estate not lawfully made. That section reads as follows: "In all cases where assessments are made against any person, body politic or corporate, and payment of the same shall be refused, upon allegation of the illegality of such assessment, such person, body corporate or politic, may apply to the judge of the circuit court by petition setting forth the alleged illegality, and present the same, together with the evidence to sustain it, and the judge shall decide upon the same, and if found to be illegal shall declare the assessment not lawfully made."

This statute has been considered and construed by this court many times. This statute has a very limited sphere of action. Its scope is narrow. The statute provides a remedy by petition. It provides a summary remedy, not coextensive with that afforded by a court of equity to pre-

vent the collection of taxes, or to remove a cloud on the title by reason of an illegal tax sale. Under its provisions, the circuit judge has no power to suspend action under the tax proceedings pending the hearing under the petition. It contains no provision as to who shall be made parties defendant. The statute embraces those assessments only in which there is error in matters of law. For mistakes in the clerical duties of the assessor the circuit judge is made a reviewing officer. The only judgment authorized in such a proceeding is that the assessment is not lawfully made. Shear v. Commissioners Columbia County, 14 Fla. 146; Jackson County v. Thornton, 44 Fla. 610, 33 South Rep. 291; Louisville & Nashville Railroad Co. v. Board of Public Instruction for Jackson County, 50 Fla. 222, 39 South. Rep. 480. In Shear v. Commissioners Columbia County, *supra,* the office of the petition under this statute is compared to that of a writ of error at common law, a certiorari in the nature of a writ of error, and it is suggested that, if the proceeding of the county commissioners was the subject of a writ of error on a certiorari in the nature of a writ of error, the return would be a record of the proceeding alleged to be illegal. Upon that return, no question as to an erroneous exercise of a discretion vested by the law could be raised, and the court would be restricted to the consideration of questions of law arising upon that record.

This statute does not contemplate the exercise of this remedy by petition after the assessed property has been sold for taxes and a certificate of sale thereof has been issued or a tax deed executed, and the rights of third persons have become involved. The statute in terms applies to cases where payment of the assessment shall be refused

upon allegation of the illegality of the assessment. In speaking of the remedy by certiorari, it is said in 2 Cooley on Taxation 1403: "The writ must be applied for in due season, and before the proceeding which it is desired to review has passed beyond the control of the tribunal in which it was taken. If, therefore, the writ is issued to review the action of the assessor, after the assessment roll has passed from their hands into the hands of the supervisor, it will be dismissed for that reason."

After the issuance of illegal tax certificates, an easy and just method of securing the cancellation thereof is provided by section 364 of the Revised Statutes of 1892 and section 12 of chapter 4888, Acts of 1901. State *ex rel.* Sunday v. Richards, 50 Fla. 284, 39 South. Rep. 152.

Turning now to the petition in the instant case, and considering it in the light of the principles already announced, we find that the assessment, whch is complained of, was made in 1902, and the land so assessed was sold in 1903, and was bid in by the state of Florida, and that certain certificates evidencing such sale were issued, aud that at the time of filing the petition said certificates were in exstence, though it is not alleged directly who held the certificates at that time. We think the petition comes too late, under this showing. Indeed the petition seems to be in the nature of a bill in equity to seek relief from certain proceedings of trespass instituted against the petitioners; or as an effort to have canceled or annulled the certificates of tax sale. The relief sought here and the questions raised herein, where the rights of third parties are involved and must be litigated, have no place in a proceeding under section 1542 Revised Statutes of 1892.

The demurrer to the petition was properly sustained. The judgment is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.