THE COUNTY OF DADE, FLORIDA, GEORGE B. BAKER, C. W. MCPHERSON, R. L. WALL, A. LEE ALLEN AND A. T. CARTER, AS COUNTY COMMISSIONERS OF DADE COUNTY, FLORIDA, AND T. J. HARDEE, AS TAX COLLECTOR OF DADE COUNTY, FLORIDA, *Plaintiffs in Error* v. M. C. HARDEE, *Defendant in Error.*

The remedy afforded by the provisions of section 2006 of the General Statutes of 1906 has a narrow sphere of action, and is limited to cases where payment shall be refused upon allegation of the illegality of the assessment. The remedy is summary, and does not reach defects in the levy of the tax.

This case was decided by Division B.

Writ of Error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*Seymour & Atkinson,* for plaintiffs in error.

*W. I. Metcalf,* for defendant in error.

PARKHILL, J.—This was a proceeding under section 2006 of the General Statutes of 1906 on the petition of M. C. Hardee, the defendant in error, to have declared not lawfully made an assessment upon certain real estate of the petitioner in Dade County, by reason of a levy of a three mill special tax for road purposes imposed by the County Commissioners of said County.

The attack upon the assessment is directed to irregularities or defects in publishing the notice of the intention of the board of County Commissioners to levy the tax. Section 850 of the General Statutes authorizes the board of County Commissioners, where they deem it de-

sirable and for the public good, to levy a special tax for public roads, bridges and river crossings not to exceed five mills on the dollar on all real and personal property in the County subject to taxation, provided, "that each board of County Commissioners before levying such tax give sixty days notice in at least one or two newspapers published in such County of their intention to levy such tax."

The petition after being amended was demurred to upon the ground among others, that "section 2006 of the General Statutes of Florida, under which said proceeding is attempted to be bought, refers only to illegal assessments and not to the levy and collection of taxes, and lies only to correct illegal assessments, and not a discretionary act of the County Commissioners."

The demurrer was overruled, an answer was filed, and the court adjudged the assessment of the three mill special road tax not lawfully made.

The defendants sued out a writ of error, and assigned as error the overruling of the demurrer to the amended petition.

Section 2006 of the General Statutes reads as follows: "In all cases where assessments are made against any person, body politic or corporate, and payment of the same shall be refused upon allegation of the illegality of such assessment, such person, body corporate or politic, may apply to the judge of the Circuit Court by petition setting forth the alleged illegality, and present the same together with the evidence to sustain it, and the judge shall decide upon the same, and if found to be illegal shall declare the assessment not lawfully made."

The statute is limited to cases where payment shall be refused upon allegation of the illegality of the *assessment*. The petition shows that payment was refused because of the illegality of the levy of the special tax.    Publication

of sixty days notice of the intention of the board of County Commissioners to levy the special road tax may be essential to the validity of the levy of such tax, but defects in the levy of such tax cannot be reached by the petition under section 2006 of the General Statutes. This statute has a narrow sphere of action, as we have pointed out upon several occasions. The remedy by petition is summary and not co-extensive with that afforded by a court of equity to prevent the collection of taxes. It reaches illegality in matters of law connected with the assessment only, that is "the clerical act of extending in the assessment rolls the name of the party assessed, the description of the property, the value as fixed by the proper tribunal, the millage for various purposes and the total amount of the tax." Louisville & N. R. Co. v. Board of Public Instruction, 50 Fla. 222, 39 South. Rep. 480; Knight v. Matson, 53 Fla. 609, 43 South. Rep. 695.

As the defendants or illegalities sought to be reached by the petition in the instant case do not relate to the assessment but pertain to the levy of the tax, the demurrer should have been sustained.

The judgment therefore is reversed with directions to sustain the demurrer and dismiss the petition.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.