E. WETZEL, *Plaintiff in Error*, v. TOWN OF FORT MYERS, *Defendant in Error*.

The authority of the Circuit Judge under Section 2006 of the General Statutes is merely to declare illegal any "assessment not lawfully made," and no authority is given by the statute to pass upon the validity of an ordinance levying a tax.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Lee County.

The facts in the case are stated in the opinion of the court.

*J. Don Register*, for Plaintiff in Error;

No appearance for Defendant in Error.

WHITFIELD, C. J.—The plaintiff in error under section 2006 of the General Statutes of 1906 presented to the Judge of the Circuit Court for Lee County a petition in which it is alleged that an ordinance of the town of Fort Myers levying a tax upon certain male residents of the town for street purposes "is unconstitutional, invalid, un-

lawful, not authorized by the laws of the State of Florida;" and that demand has been made upon the petitioner for the "petitioner's tax so levied under and by virtue of the said ordinance." The prayer of the petition is that the *assessment* be declared illegal.

The authority of the Circuit Judge under section 2006 of the General Statutes is merely to declare illegal any "*assessment* not lawfully made." Dade County v. Hardee, 56 Fla. 243, 47. South. Rep. 350; Knight v. Matson, 53 Fla. 609, 43 South. Rep. 695; Louisville & N. R. R. Co. v. Board of Public Instruction, 50 Fla. 222, 39 South. Rep. 480.

There is no allegation here of an assessment made under the levy provided by the ordinance, and it does not appear that an *assessment* was required by the ordinance.

The court is not authorized in this proceeding to pass upon the validity of the ordinance *levying* the tax, and as no *assessment* appears to have been made, the order of the Circuit Judge denying the prayer of the petition is affirmed.

All concur, except TAYLOR, J., absent on account of illness.