M. C. BOLEY, *Plaintiff in Error,* v. J. S. ROBERTS, TAX COLLECTOR, OF ESCAMBIA COUNTY, FLORIDA, AND JOHN P. STOKES, STATE ATTORNEY, *Defendants in Error.*

Order filed May 31, 1916.

On rehearing June 14, 1916.

PER CURIAM.—This cause having been submitted to the Court at a former term thereof, upon the transcript

of the record of the judgment aforesaid, and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be and the same is hereby affirmed; it is further ordered by the Court that the defendants in error do have and recover of and from the plaintiff in error their costs by them in this behalf expended, which costs are taxed at the sum of $————, all of which is ordered to be certified to the Court below.

Writ of Error to Court of Record of Escambia County; Kirke Monroe, Judge.

*E. C. Maxwell* and *W. P. Whip*, for Plaintiff in Error;

*John C. Avery,* for Defendant in Error.

*On Petition for Rehearing.*

Per Curiam.—The judgment herein was affirmed without opinion and a petition for rehearing was filed. Boley presented a petition under the statute seeking to have a tax assessment adjudged to be "not lawfully made." The petition, in effect, alleges that the county commissioners failed to determine and set in their record the amount of taxes to be raised for all county purposes as required by the statute; and that the petitioner's property "is described so indefinitely as to make the assessment of taxes on he same illegal and void." A de-

murrer to the petition was sustained, and no amendment being desired, the petition was dismissed. Writ of error was taken.

The statute is as follows: "In all cases where assessments are made against any person, body politic or corporate, and payment of the same shall be refused upon allegations of the illegality of such assessment, such person, body corporate or politic, may apply to the Judge of the Circuit Court by petition setting forth the alleged illegality, and present the same, together with the evidence to sustain it, and the Judge shall decide upon the same, and if found to be illegal shall declare the assessment not lawfully made." Sec. 2006 Gen. Stats. 1906, Compiled Laws 1914.

As indicated by previous decisions the statute does not contemplate that in this proceeding action taken or omitted by the County Commissioners not directly connected with the actual assessment of property shall be considered. See Knight v. Matson, 53 Fla. 609, 43 South. Rep. 695; Louisville & N. R. Co. v. Board of Public Instruction, 50 Fla. 222, 39 South. Rep. 480; Commissioners of Dade County v. Hardee, 56 Fla. 243, 47 South. Rep. 350; Jackson County v. Thornton, 44 Fla. 610, 33 South. Rep. 291.

If the county commissioners failed to do their duty under the statute with reference to determining the amount of taxes to be raised when the levy is made, and such failure affects the validity of a tax lien, the effect of the failure cannot be determined in this special statutory proceeding where the legality of the actual assessment only is involved. The description of the property is not so indefinite as to render the assessment illegal or void for uncertainty.

Rehearing denied.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHIT-
FIELD and ELLIS, JJ., concur.