TOWN OF SARASOTA, *Appellant,* v. GEORGE M. MCALPIN, *Appellee.*

The authority to borrow money given to municipalities by section 1060 of the General Statutes of 1906, is not available to a town that has exhausted its legally limited taxing power.

Appealed from the Circuit Court of Manatee County.

The facts in the case are stated in the opinion of the court.

*Singletary & Reaves,* for Appellant;

*Sparkman & Carter,* for Appellee.

WHITFIELD, C. J.—This appeal is from an interlocutory decree granting a temporary injunction restraining the

Town of Sarasota from borrowing $20,000.00, or any part thereof as the town attempts to do, under Section 1060 of the General Statutes, which reads as follows:

"The city or town council shall have power, with the approval of a majority of the registered voters of the city or town then residing therein, who own real estate therein and have paid their taxes for the year last due thereon, and actually voting, to borrow money or contract loans for the use of the city or town, whether from bodies corporate or individuals residing in or out of the State, and to pledge the funds, credit and property of the corporation for the redemption of such loan or loans."

The charter of the Town of Sarasota, Sections 59 and 66, Chapter 5849, Acts of 1907, provides that "for ordinary purposes the rate of taxation shall not exceed ten (10) mills on the dollar. A special tax may be levied not exceeding ten (10) mills, to create a sinking fund for the payment of the town's bonded indebtedness, or the interest thereon, and for the discharge of any judgments obtained against the town, the payment of which may be compelled by mandamus."

"All the powers, privileges and provisions of the general law for the incorporation of cities and towns, when not in conflict with the terms of this act, shall be and the same are hereby made a part of this charter."

Section 32 of the Charter Act authorizes the Town to issue bonds for stated purposes which do not include authority to issue bonds for the payment of indebtedness incurred.

Section 66 of the Charter Act gives to the town all the powers conferred on municipalities by the general law on the subject, when the general law is not in conflict with the terms of the Charter Act.

It is alleged in the bill of complaint on which the

injunction was granted that the purpose of the town is to borrow money "to use the same in the payment of indebtedness heretofore created by said town;" that the town had already levied a tax of ten mills for ordinary purposes on all the property in the town and that all the money raised by said tax has been appropriated for current expenses; and that if the money is borrowed taxes will have to be levied on the property to pay the same. The injunction is prayed on the ground that the borrowing of the money by the town is *ultra vires.* Unless authorized to do so by Section 1060 of the General Statutes, the town has no authority to borrow the money.

Section 59 of the Charter act limits the power of taxation for ordinary purposes to ten mills on the dollar, and authorizes a special tax only for the purposes stated in that section. Borrowing money under Section 1060 of the General Statutes is not one of the purposes for which a special tax may be levied; and as the ten mills authorized to be levied for ordinary purposes has been appropriated for current expenses, the taxing power is exhausted, and the borrowing of money by virtue of Section 1060 of the General Statutes, is, under the circumstances, inconsistent with the taxing power expressly limited by the Charter Act, which is a special act that prevails when the general law is in conflict with it.

The decree is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.