MARY B. MERRELL *et al, Appellants,* v. THE CITY OF ST. PETERSBURG, *Appellee.*

1.  The provision of the constitution relative to municipal taxation that "all property shall be *taxed* upon the principles established for state taxation," contemplates that the power of taxation given and exercised by a municipality shall "provide for a uniform and equal rate of taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes" as required by section 1 of article IX.

2.  Municipal assessments including the valuations of property for taxation must observe the "principles" requiring "a just valuation of all property, both real and personal," except such as is lawfully exempted, and the "assessments" must have a fair relation to "a uniform and equal rate of taxation;" but the valuations included in the "assessments" are

not required to be the same as those used for purposes of State taxation.

3. The provisions of the charter granted to the city of St. Petersburg by special statute clearly contemplate that in assessing property for municipal purposes the city may make its own valuations, provided the valuations are just and have a fair relation to a uniform and equal rate of taxation.

Appealed from the Circuit Court for Pinellas County.

The facts in the case are stated in the opinion of the court.

*Herman Merrell,* for Appellants;

*C. C. Whitaker* and *James Booth,* for Appellee.

WHITFIELD, C. J.—This appeal is from an order sustaining a demurrer to a bill of complaint.

The appellant sought to have the collection of taxes assessed by the City of St. Petesburg upon stated lands for municipal purposes enjoined on the ground that the assessment is illegal because the city was not authorized to make an assessment upon a valuation that exceeds the last valuation made by the State for taxation, as provided by section 1053 of the General Statutes of 1906. The municipal powers of the City of St. Petersburg are defined in the charter granted by a special act of the Legislature, and acting under the special charter statute, the valuation placed upon appellant's property in assessing it for the municipal taxation is greater than the last valuation thereof for State taxation.

The constitution contains the following: The Legislature shall establish a uniform system of county and

municipal government, which shall be applicable, except in cases where local or special laws are provided by the Legislature that may be inconsistent therewith. Sec. 24, Art. III.

The Legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. Sec. 8 Art. VIII. The Legislature shall provide for a uniform and equal rate of taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, educational. literary, scientific religious or charitable purposes. Sec. 1 Art. IX. The Legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation. But the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits. Sec. 5, Art. IX.

The Legislature has granted a special charter to the City of St. Petersburg, and such special charter is the measure of the powers of the municipality where it is inconsistent with the general law relating to the powers of incorporated cities and towns.

The provision of section 5 of Article IX "and all property shall be *taxed* upon the principles established for State taxation," contemplates that the power of taxation given and exercised by a municipality shall "provide for a uniform and equal rate of taxation, and shall prescribe regulations as shall secure a just valuation of all property, both real and personal, excepting such property as

24—Vol. 64.

370    SUPREME COURT OF FLORIDA.

Merrell *et al.* v. City of St. Petersburg—Opinion of Court.

may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes" as required by section 1 of Article IX. The provision of Section 5 of Article IX "But the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits," is a mandate that in levying taxes upon property for municipal purposes, cities and towns "*shall* make their own assessments." Such "assessments" including the valuations must observe the "principles" requiring "a just valuation of all property, both real and personal," except such as is lawfully exempted and the "assessments" must have a fair relation to "a uniform and equal rate of taxation;" but the valuations included in the "assessments" are not required to be the same as those used for purposes of State taxation. Section 24 of Article III, Section 8 of Article VIII and Section 5 or Article IX, all contemplate that the valuations included in assessments of property for municipal purposes may under proper legislative authority be different from the valuations included in the assessments made of the same property for State taxation. The organic requirement is that the "property shall be taxed upon the principles established for State taxation."

The principles of taxation relating to uniformity and equality of the rate of taxation and to the just valuation of property may be observed and enforced in municipal taxation upon property within the municipality, even though the valuation may be different from that made for State taxation.

A municipality may be a unit for uniformity and equality of rates of taxation and for just valuations upon one basis of valuations, while the State may also be a unit for the application of the same principles of taxation

upon a different basis as to valuations. Such distinct units for purposes of taxation are recognized by the provisions of the constitution above quoted.

The provisions of the charter granted to the City of St. Petersburg by special statute clearly contemplate that in assessing property for municipal purposes the city may make its own valuations, provided the valuations are just and have a fair relation to a uniform and equal rate of taxation.

As the special charter statute is the measure of the municipal power, the general provision of Section 1053 of the General Statutes of 1906, that "the valuation of property by the municipality shall not exceed the last valuation thereof by the State for taxation," is not controlling.

The contentions of appellant do not show the assessment complained of to be invalid, and the order sustaining the demurrer to the bill of complaint is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.