T. B. ELLIS, AS TAX COLLECTOR OF THE CITY OF GAINESVILLE, FLORIDA, *Appellant*, v. ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Appellee.*

Opinion Filed November 6, 1914.

1. Under the statute regulating the assessment of railroad property, the authorized practice of adding the values of lots and terminal facilities to the track values, becomes one of "the principles established for State taxation," to which the Constitution requires all municipal taxation to conform.

2. The values of the railroad property as listed and reported to the city by the Comptroller may be changed to correspond with other assessment values in the city, but "the principles established for State taxation" should be observed as commanded by the constitution.

3. The City of Gainesville is empowered by statute to "make its own assessments upon the property within the limits of the city, as provided by the Constitution of the State of Florida." This provision gives authority to fix valuations provided they have a fair relation to "a just valuation of all property" subject to the tax, and accord with "a uniform and equal rate of taxation" as required by the Constitution.

Appeal from the Circuit Court for Alachua County, James T. Wills, Judge.

Order affirmed.

*Robt. E. Davis,* for Appellant;

*R. A. Burford* and *C. R. Layton,* for Appellee.

WHITFIELD, J.—This appeal is from an order overruling a demurrer to a bill of complaint seeking to enjoin the sale of a certain lot of the railroad company for non-payment of city taxes, on the ground that the assessment is void and the sale would be a cloud on the title.

The Constitution ordains that "The Legislature shall provide for a uniform and equal rate of taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes." "The Legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation. But the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits." Sections 1 and 5, Article IX. The provision in reference to county and municipal assessments that "all property shall be taxed upon the principles established for State taxation," relates primarily to the organic requirements of "a uniform and equal rate of taxation" and "a just valuation of all property, both real and personal, excepting such property as may be exempted

11—Vol. 68

by law," and to any legislative regulations designed to enforce the stated organic requirements. See Merrill v. City of St. Petersburg, 64 Fla. 367, 60 South. Rep. 349.

Among the statutory regulations designed to enforce the organic requirements for a uniform and equal rate of taxation and a just valuation of all property subject to taxation, are the provisions of Section 46, Chapter 5596, Acts of 1907, that stated officers of all railroad companies, "whose car, track or roadbed, or any part thereof is in this State, shall annually, on or before the first day of March, return to the Comptroller of the State, under their oath. the total length of such railroad, the total length and value of such main track, branch, switch and spur track and side track, lots or parts of lots not leased or rented, and terminal facilities in this State, and the total length and value thereof in each County, city or incorporated town in this State, as of the first day of January. They shall also make return of the number and value of all locomotives, engines, passenger, sleeping, freight, parlor, platform, construction and other cars and appurtenances, and should any railroad company or its officers fail to make the returns required  *  *  *  when such returns are made, or should any such returns not be made, or should the Comptroller have reason to believe that any return so made does not give complete and correct value of such railroad property, it is hereby made the duty of the Comptroller, the Attorney General and State Treasurer, after having given not less than five days' notice to the person or persons making the return, of the time and place of hearing, to assess the same from the best information they can obtain, specifying the value thereof in each county; and the value of the locomotives. engines, passenger, sleeping, parlor, freight, platform, construction and other cars and appurtenances, shall be ap-

portioned by the Comptroller pro rata to each mile of main track, branch, switch, spur track and side track, and the Comptroller shall notify the County Assessor of Taxes of each county through which such railroad runs of the number of miles of track and the value thereof, and the proportionate value of the personal property taxable in their respective counties, and he shall notify each incorporated city and town into which said railroad runs of the mileage, apportionment of rolling stock, and other property of said railroad within such city or town, and the value thereof shall be assessed by such city or town as provided by law, and upon the value thus ascertained and apportioned, taxes shall be assessed the same as upon the property of individuals."

The purpose of this statutory regulation is to "provide for a uniform and equal rate of taxation" and a "just valuation" of the property of railroad companies, as such property is situated in more than one county and it would be impractical to secure "a uniform and equal rate of tax ation" and "a just valuation" of such property should it be primarily assessed by the officers of the different counties through which the railroad passes. "A uniform and equal rate of taxation" has reference to equality of tax rates and burdens on all property subject to the particular tax. "A just valuation" has reference to the actual value of each parcel of property and the proportion of the actual values at which other property subject to the same tax is valued for taxation. All property, whether of individuals or corporations, should be assessed at the same percentage of its actual value as near as can be practically ascertained; otherwise "a just valuation of all property" or "a uniform and equal rate of taxation" will not be secured as is expressly required by the Constitution; and the holders of property, whether corporations or

individuals, which is valued for assessment at a greater value than "a just valuation" with reference to its actual value and the relation the value placed on it bears to the values placed upon other property subject to the same tax, would be deprived of property without due process of law and denied the equal protection of the law, in violation of the State and Federal Constitution.

The quoted statute requires that "the Comptroller shall notify the county assessor of taxes of each county through which such railroad runs of the number of miles of track and the value thereof, and the proportionate value of the personal property taxable in their respective counties, and he shall notify each incorporated city and town into which said railroad runs of the mileage, apportionment of rolling stock and other property of said railroad within such city or town, and the value thereof shall be assessed by such city or town as provided by law, and upon the value thus ascertained and apportioned, taxes shall be assessed the same as upon the property of individuals." This provision taken in connection with other portions of the law justifies the Comptroller and the assessing officers in placing upon the track mileage assessed in each county, the value of the "lots or parts of lots not leased or rented, and terminal facilities" used for railroad purposes, in addition to the value of the track itself. This makes the county a unit for State and county assessment purposes, and dispenses with the necessity for a separate assessment of "lots or parts of lots not leased or rented, and terminal facilities" used for railroad purposes, the value of which lots and terminal facilities has been added to and placed upon the track values. This having been the practice since the first enactment of the law and no change having been made by the Legislature, the practice stands approved.

The values fixed by the Comptroller, Attorney General

and State Treasurer control for the purposes of State and county assessment, and the practice authorized by statute of adding the values of lots and terminal facilities to the track values becomes one of "the principles established for State taxation," to which the constitution requires all municipal taxes to conform.

This being so the assessments made by a municipality should conform to the method of assessment adopted by the State of which the Comptroller "shall notify each incorporated city and town into which said railroad runs." The requirement that the Comptroller shall notify a municipality of the mileage, apportionment of rolling stock and other railroad property "within such city or town, and the value thereof shall be assessed by such city or town as provided by law, and upon the value thus ascertained and apportioned, taxes shall be assessed the same as upon the property of individuals," permits the municipality to make its own valuations upon the railroad property of which it is so notified by the Comptroller as being within the city, if authorized to do so by the charter or other statute, provided "a just valuation of all property" subject to the municipal tax is made. If other property in the city is assessed on a valuation different from that fixed for State and county pur poses, the value of railroad property in the city may be correspondingly valued for municipal taxation. This does not authorize the municipality in making assessments of property of which it has been notified by the Comptroller to separate the lots and terminal facilities from the tracks in the city, when the State authorities have added the value of the lots and terminal facilities to the tracks as assessed for State and county purposes The values of the railroad property as listed and reported to the city may be changed to correspond with other

assessment values in the city, but "the prniciples established for State taxation" should be observed as commanded by the constitution.

The City of Gainesville is empowered by statute to "make its own assessments upon the property within the limits of the city, as provided by the constitution of the State of Florida." This provision gives authority to fix valuations provided they have a fair relation to "a just valuation of all property" subject to the tax, and accord with "a uniform and equal rate of taxation" as required by the constitution. Merrill v. City of St. Petersburg, 64 Fla. 367, 60 South. Rep. 349.

In this case it appears that the city assessed the railroad tracks as valued by the State authorities and reported to the city by the Comptroller, but a lot used for railroad purposes, the value of which was by the State authorities added to the track valuations as reported, was separately assessed and valued by the city. This violates "the principles established for State taxation" and is not permissible.

The city could have placed upon the property as listed and reported to it by the Comptroller, a value different from that fixed for State and county taxation provided it was in accord with constitutional requirements, but the city was not authorized to assess and value separately the lot the value of which had been added to the value of the tracks as assessed.

The order is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.