LOUISA PORTER AND J. Y. PORTER, HER HUSBAND, *Appel-
lants,* v. THE CITY OF KEY WEST, *Appellee.*

Opinion Filed March 30, 1915.

1.  The statute and rule do not authorize the clerk to make a
    decree *pro confesso* and file it among the papers in the cause.
    But the authority is "to enter an order (as of course) in the
    order book that the bill be taken pro confesso."

2.  A decree *pro confesso* made in any manner substantially
    variant from the statutory authority is ineffectual.

3.  A description of lands on an assessment roll, so faulty as
    not to warn the owner of the charge upon the land, or to
    advise possible purchasers what land is to be sold, will in-
    validate the assessment.

4.  Where the statute provides that in municipal assessments
    of real property it "shall be listed and assessed according to
    lots and blocks of the several tracts or plats of land within
    the city," and the description on the tax roll is "as recorded

in Book X, page 328, Monroe County Records, Pt. Sub-division Lot 1, Square 3, Wall Street," such entry is not a compliance with the statute, and of itself describes no land, and when such attempted description is not made certain by a consideration of the entire tax roll, the assessment is fatally defective.

Appeal from Circuit Court for Monroe County; H. P. Branning, Judge.

Order reversed.

*W. Hunt Harris,* for Appellants;

*E. M. Semple,* for Appellee.

WHITFIELD, J.—This suit in equity was brought to enforce a lien for municipal taxes. An appeal was taken from an order refusing to open a decree *pro confesso,* the chancellor stating in the order that the plea filed herein was not accompanied by an affidavit that the plea "is not interposed for delay" or by "a certificate of counsel that in his opinion it is well founded in point of law" as required by Equity Rule 48, that the defendants are guilty of laches and that the defense sought to be set up by the answer, filed in support of the plea, is not a meritorious defense.

In the application for a vacation of the decree *pro confesso* it is alleged that the clerk "made out a decree *pro confesso* against your petitioner and filed the same among the papers in said cause, although the same has never been entered in the Chancery Order and Decree Record Book of this court." The petitioner within ten days after the plea day requested leave to authenticate

the plea as required by the rule, the answer filed in support of the plea being duly sworn to. The record recites that "the clerk made and filed among the papers in said cause" the decree *pro confesso* contained in the transcript.

Section 1896 of the General Statutes provides as follows: "The defendant shall, unless the time shall be otherwise enlarged for cause shown by the judge of the court upon motion for that purpose, file his plea, demurrer or answer to the bill in the clerk's office on the rule day next succeeding that fixed for an entry of appearance, whether the service shall have been personal or constructive; in default thereof, the complainant may, at his election, cause the clerk to enter an order (as of course) in the order book that the bill be taken pro confesso; and thereupon the cause shall be proceeded in ex parte, and the matter of the bill may be decreed by the court accordingly, if the same can be done without an answer and is proper to be decreed." Chancery Rule 44.

Section 1831 General Statutes provides that the Clerk of the Circuit Court "shall keep * * * a Chancery Order Book, in which shall be entered all orders taken in chancery, except those required to be signed by the judge exclusively, which shall be entered upon the minutes."

The statute and rule do not authorize the clerk to make a decree *pro confesso* and file it among the papers in the cause. But the authority is "to enter an order (as of course) in the order book that the bill be taken pro confesso." A decree pro confesso made in any manner substantially variant from the statutory authority is ineffectual if appropriate action thereon is duly taken as was done in this case. As the defendants are not in laches in this cause, it is assumed that the laches stated

in the order refers to the failure of the defendants to avail themselves of the provisions of Section 2006 General Statutes as construed in Commissioners, of Dade County v. Hardee, 56 Fla. 243, 47 South. Rep. 350; Jackson County v. Thornton, 44 Fla. 610, 33 South. Rep. 291; Louisville & N. R. Co. v. Board of Public Instruction, 50 Fla. 222, 39 South. Rep. 480, and Wetzel v. Town of Ft. Myers, 59 Fla. 427, 51 South. Rep. 540.. The defenses here sought to be interposed relate to the legality as well as to the form and manner of the assessment as made. The constitution ordains that "all property shall be taxed upon the principles established for State taxation." Sec. 5 Art. IX. See Merrell v. City of St. Petersburg, 64 Fla. 367, 60 South. Rep. 349; Atlantic Coast Line R. Co. v. Ellis, 68 Fla. 160, 66 South. Rep. 1005.

A description of lands on an assessment roll, so faulty as not to warn the owner of the charge upon the land, or to advise possible purchasers what land is to be sold, will invalidate the assessment. Miller v. Lindstrom, 45 Fla. 473, 33 South. Rep. 521.

The Charter Act of the City of Key West provides in Section 48 that the property "shall be listed and assessed according to lots and blocks of the several tracts or plats of land within the city." The description on the tax roll in this case is "as recorded in Book X, page 328 Monroe County Record, Pt. Subdivision Lot 1, Square 3, Wall Street." This is plainly not a compliance with the express requirements of the Charter statute; and no land is described in the assessment itself; nor is it shown that the description may be made certain by a consideration of the entire tax roll, as in Sam v. King, 18 Fla. 557. The bill of complaint describes the land upon which the tax lien is to be enforced by sale, as "those certain lots, pieces

or parcels of land, described as follows:   In the County of Monroe and State of Florida and is known on W. A. Whitehead's map or plan of the Island of Key West, delineated in February, 1829, as all that piece and parcel of land situate, lying and being in the City of Key West and known on the aforesaid map or plan as being:   The Westerly part of Lot Number One (1) in Square Number three (3), bounded Easterly by a street called Water or Wall Street, thirty feet wide, running parallel with Front Street and one hundred (100) feet from it; Southerly by part of Lot Number Two (2) in same square; Westerly by the waters of the Bay; and Northerly by Duval Street.   Being the same property conveyed to John J. Philbrick by E. R. Filer and William Pinkney by deed dated May 30, 1871, and recorded in Book "H" page 66 Monroe County, Florida, records."   This description is not shown to be the same as that undertaken to be given in the assessment roll, even if the latter were sufficient.   The bill of complaint does not show that a valid assessment was made of the property here sought to be sold for non-payment of taxes.

The order appealed from is reversed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.