MARIE L. WADE, *et vir.,* v. CITY OF JACKSONVILLE.

152 So. 197.
Division B.
Opinion Filed January 12, 1934.
Petition for Rehearing Denied May 21, 1934.

L. E. *Wade* and T. J. *Jennings*, Jr., for Appellants;
*Austin Miller* and *Gov Hutchinson*, for Appellee.

BUFORD, J.—The appeal before us is from a final decree foreclosing certain municipal tax certificates. The bill of complaint sought to foreclose certificates issued for unpaid taxes for the years 1887 to 1891, inclusive, and from 1898 to 1929, inclusive, together with interest thereon as provided by law.

After answer was filed the issues presented were as to the validity of the certificates for the unpaid taxes of 1887, 1889, 1891 and the years 1898 to 1928, inclusive, the taxes for 1929 having been paid after suit was filed.

Testimony was taken before a Special Master.

Final decree was rendered in which it was held in substance that for the years 1898 to and including 1913 the property involved had been duly returned for taxation by the owner and that the same was not assessed by the city in the name of the owner of the land or the occupant thereof.

and that such assessments for the years 1898 to 1913, both inclusive, were for this reason invalid.

The Chancellor held:

"(b) That, as to the taxes assessed upon said property for the remaining years involved in this cause, to-wit, the years 1887, 1889, 1891, and for the years 1914 to 1928, both inclusive, said taxes constitute a valid lien upon the said property for each of said years.

"(c) That said property was not returned for taxation during the years 1914 to 1928, both inclusive; that during each of said years the defendants knew the manner in which said taxes were assessed against the said property, yet made no complaint either to the tax assessor or to the Council sitting as a Board of Equalization; that the owners of said land failed to pay said taxes solely for the reason that they believed the assessments to be void because of the fact that said property was not assessed to the owner thereof; and that although the said lands were actually assessed to a person not the owner thereof, said fact did not invalidate the assessment of said lands for taxation. (Section 3 of Chapter 4300 of the Acts of the Legislature of the State of Florida of 1893, Section 292 of the Charter of the City of Jacksonville.)

"(d) That interest upon the said taxes due for the years 1887, 1889 and 1891, prior to the year 1901 is not recoverable. (Section 45, Chapter 7659 of the Acts of 1917, as amended by Section 10, Chapter 8279 of the Acts of 1919, Section 309, of the Charter of the City of Jacksonville.)"

. And decree was entered pursuant to such findings.

Section 1 of Chapter 4300, Acts of 1893, is as follows:

"Section 1. All property which is subject to State taxes shall be assessed and listed alphabetically for the entire city, in the name of the owner whenever the name of such

owner is·known to the assessing officer, or when the prop-
erty has been returned as herein provided. Property, the
owners of which are unknown and have failed to return,
as herein provided, shall be assessed and listed according
to lots and blocks of the several tracts or plats of land
within the city. All property shall be assessed as of· the
first day of January of the year for which such assessment
is made. Privileges may be licensed and taxed and the
amounts of such taxes shall be fixed by city ordinance.
The council may provide for licensing the keeping of dogs,
and for the destruction of dogs, the owner or keeper
whereof shall not comply with the regulations prescribed
by the Council in respect thereto, and for the punishment
of persons violating ordinances on the subject."

As amended by Section 1 of Chapter 5065, Acts of 1901,
this provision reads as follows:

"All property within the city taxable for State purposes
shall be assessed and listed for purposes of general taxation
on the city tax assessment rolls in the name of the owner,
when the name of the owner is known to the assessing of-
ficer, but real property, the owners of which are unknown
to the assessor, shall be assessed and listed in such names
as the assessing officer shall from his best information be-
lieve to be the names of the owners thereof. All property
shall be assessed as of the first day of January of the year
for which such assessment is made. The assessing officer
shall make diligent inquiry as to the ownership of personal
property subject to taxation, and shall assess all such prop-
erty in the name of the owner. The collection of all per-
sonal tax assessments shall be enforceable at any time more
than sixty days after the publication of notice of the opening
of the tax books.

"The Mayor and City Council are hereby authorized to
levy and impose license taxes for municipal purposes upon

any and all occupations and upon any and all privileges, and to grade and fix the amounts to be paid, as fully and to the same extent and in the same manner that the Legislature could impose such licenses and taxes for State purposes, and without regard to any of the provisions of any general revenue law of this State not specifically repealing this Act.

"The Mayor and City Council may by ordinance provide for licensing the keeping of dogs and for the destruction of dogs, the owner or keeper whereof shall not comply with the regulations prescribed by ordinance in respect thereto, and for the punishment of persons violating ordinances on the subject."

Section 3 of Chapter 4300, Acts of 1893, provides as follows:

"Such return shall be made upon and in compliance with blanks prepared therefor and furnished by the City of Jacksonville, and shall contain a complete list of all the property taxable by the city belonging to such person, corporation or firm, on the first day of January in the year for which such return is made together with the full cash value thereof, giving separately an intelligible description and the full cash value of each separate lot or parcel of real estate. The descriptions and valuations thus returned may be considered by the assessing officer in making assessments, but he shall not be bound thereby. Should any person, corporation or firm omit to make return as above required, the assessing officer shall assess property not thus returned in the name of the owner, if the name of such owner shall be known to him, and where the name of the owner is not known to him he may assess it in the name of the supposed or reputed owner or occupant, or as belonging to an unknown owner, and in no case where the real owner has failed to make return of his property as herein required,

shall the assessment thereof be declared invalid or not lawfully made, or the enforced payment of taxes thereon be resisted by reason of such property being assessed otherwise than in the name of the real owner."

The title to Chapter 4300, *supra,* is as follows:

"AN ACT Supplementary to an Act Entitled An Act to Establish the Municipality of Jacksonville, Provide for its Government and Prescribe Its Jurisdiction and Powers, approved May 31, 1887, and to Extend the Powers of the Government of said Municipality."

Referring to Chapter 3775, Acts of May 31, 1887, we find the title to be, "An Act to Establish the Municipality of Jacksonville, Provide for Its Government and Prescribe its Jurisdiction and Powers."

Now, it is contended that Chapter 4300, *supra,* is invalid because it violated the Fourteenth Amendment to the Federal Constitution and because the title of the Act is insufficient. This Act shows upon its face, as well as the title, when taken in connection with the previous Act, that it was in fact a supplemental Act and, being a supplemental Act, the title was entirely sufficient if the title to the original Act of 1887 was sufficient, and there is no question presented here as to the sufficiency of that title. Indeed, its sufficiency could not be successfully questioned. That supplementary legislation may be enacted by pursuing the method which appears to have been pursued here appears to be well settled. See Lake, *et al.,* v. State, *ex rel.* Palmer, 18 Fla. 501; McCleary, *et al.,* v. Babcock, 169 Ind. 228, 82 N. E. 453; State v. Gerhardt, 145 Ind. 439, 44 N. E. 469; Dehon, *et al.,* v. Laforche Basin Levee Board, 110 La. 697, 34 Sou. 770; Lewis v. Rung, 66 Fed. 856; State *ex rel.* Gamble v. Hubbard, 41 Sou. 903, 148 Ala. 391.

But, in this case the sufficiency of the title of the Act is not dependent upon the invocation of this rule. The words

contained in the title "and to extend the powers of the government of such Municipality" (the Municipality of Jacksonville being identified by the preceding language as the municipality referred to) is a sufficient title, regardless of whether the Act is considered as amendatory or supplemental.

It is also contended that the provisions of the Act are in conflict with the general laws. If this contention is well founded it is immaterial because in such cases the special Act will govern. Town of Sarasota v. McAlpin, 64 Fla. 152, 59 Sou. 244; Merrill v. City of St. Petersburg, 64 Fla. 369, 60 Sou. 349; Ellis v. A. C. L. R. R. Co., 68 Fla. 160, 66 Sou. 1005; Ranger Realty Co. v. Miller, 102 Fla. 378, 136 Sou. 546.

We next come to the contention made that the City of Jacksonville cannot without violating organic law assess and levy taxes on real estate in the name of one not the owner or the occupant where the owner fails to return such land for assessment in his name and where the assessor from his best information believes the person in whose name he assesses the said land to be the owner. In this case the Chancellor found that the property had been returned for assessment for the years 1898 to 1913, inclusive, but that it had not been assessed to the owner making the return and, therefore, for those years was invalid. But he found that for the years 1887, 1889, 1891 and 1914 to 1928, inclusive, that the property was not returned by the owner and that the assessment was made in the name of one whom the assessor believed from his best information to be the owner and that such assessments were valid. There is substantial evidence to warrant this finding. The Chancellor further found that "during each of said years the defendants knew the manner in which said taxes were assessed against said property, yet made no complaint either to the

Tax Assessor or to the City Council sitting as a Board of Equalization; that the owners of the said land failed to pay said taxes solely for the reason that they believed the assessments to be void because of the fact that said property was not assessed to the owner thereof."

It is well settled that "good faith of taxing officers and validity of their actions are presumed and, when assailed, burden of proof is upon the complaining party." Camp Phosphate Co.; etc., v. Allen, 77 Fla. 341, 81 Sou. 503; Sunday Lake & Iron Co. v. Wakefield, 247 U. S. 350, 62 Law Ed. 1154.

That the provision of the Act, "Should any person, corporation or firm omit to make return as above required, the assessing officer shall assess the property not thus returned in the name of the owner, if the name of such owner shall be known to him, and where the name of the owner is not known to him he may assess it in the name of the supposed or reputed owner or occupant or as belonging to an unknown owner and in no case where the real owner has failed to make return of his property as herein required shall the assessment thereof be declared invalid or not lawfully made or the enforced payment of taxes thereon be resisted by reason of such property being assessed otherwise than in the name of the real owner," is a valid and lawful provision as sustained by text writers and by the great weight of authority in this country. Cooley on Taxation, 4 Ed. Vol. 3, paragraph 1099; Klumpke v. Baker, 63 Pac. 137; Lake Co. v. Sulphur Bank, 4 Pac. 876; Bradley v. Bouchard (Mich.) 48 N. W. 208; Rapid R. Co. v. Schroeder, 157 N. W. 422; Castillo v. McConnico, 42 L. Ed. 622; Ballard v. Hunter, 51 L. Ed. 461; Lyman v. Anderson, 9 Neb. 367, 2 N. W. 732; O'Grady v. Barnhisel, 23 Cal. 287; Jenkins v. McTigue, 22 Fed. 148; Boyington Co. v. Southwick, 120 Wis. 184, 97 N. W. 903; Hertzler v. Freeman,

12 N. Dak. 187, 96 N. W. 294; Petrie Lbr. Co. v. Collins, 66 Mich. 64, 32 N. W. 923.

The contention is also made by appellants that Leonidas E. Wade was not a proper party to the suit. This question has been settled adversely to that contention in the City of Miami v. Miami Realty Loan & Guaranty Co., 57 Fla. 366, 49 Sou. 55, and in Garrison v. Parsons, 45 Fla. 335, 33 Sou. 252.

Finding no reversible error disclosed by the record, the decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.