TERRELL, Justice.
In March, 1928, Norberg Thompson acquired title to an island located east of the Boulevard and south of U. S. Biological Station, Key West. It contained two and three-tenths acres when purchased but Thompson bulkheaded and filled in until it contained about five acres. He constructed a dwelling on it and connected it with the mainland by a bridge.
In 1946, this suit was instituted by Thompson, later succeeded by his executors against the City of Key West, to invalidate the city tax assessments for the years 1942 to' 1945, inclusive, because of deficiency in the description. The amended complaint filed in 1952 alleges that for the years 1942, 1944 and 1945, said lands were described on the tax rolls of the city as “Part Salt Pond Lots Plat 1 Page 204 2 acres, Book G-2 page 441, Book G-4 page 327”. In 1943, said lands were described on the tax rolls as “Book G-2 page 441 Book G-4 page 327.” The tax rolls for the years 1946 and 1947 described said lands as follows: “G-2-441, G-4-327 Pt Salt Pond Lots, Plat Book 1 page 204”; and for the years 1948 through 1949 said lands were described on the tax rolls as “KW 2 AC PB 1-204, Pt Salt Pond Lots G2-441 G4-327 G28-165-166”. The challenge to the sufficiency of the assessments for uncertainty covers the years 1942 to 1949 inclusive. The assessments for the years 1946 to 1949 inclusive are challenged as being invalid because they were copied' from the county tax rolls and were not assessments of the city tax assessor. The assessments for 1942 to 1945 inclusive are charged to be invalid because no warrants were attached to the assessment rolls as required by law and it is contended that the tax certificate for 1949 was invalid because said lands were excluded from the city by Chapter 26442, Acts of 1949. Appropriate answers were filed and at final hearing the chancellor found for the city and dismissed the complaint. The plaintiffs have appealed.
Under the doctrine announced by this court in Porter v. City of Key West, 69 Fla. 357, 68 So. 175, Grissom v. Furman, 22 Fla. 581, and Trust Company of Florida v. City of Tampa, 103 Fla. 628, 138 So. 73, the description or descriptions so detailed were fatally defective for indefiniteness, in that with them and no more a surveyor could not have located the lands. The chancellor had the view, however, that the defective description was cured by the fact that it correctly referred to the plat book and page where a correct and detailed description by metes and bounds was contained. There would be no merit to this view had the description on the tax rolls included no more than said reference but when it also includ *751 ed “part of Salt Pond Lots”, an entirely different tract, it was rendered the more confusing.
Despite the showing that appellants’ property was improperly described on the tax rolls, in view of Section' 192.21, F.S., F.S.A., the pertinent part being as follows: “All owners of property shall be held to know that taxes are due and payable thereon annually, and are hereby charged with the duty of ascertaining the amount of such tax and paying the same before the first day of April of the year following the year in which such taxes were assessed; all provisions of law now existing or which may be hereafter enacted relating to the assessment and collection of revenue (unless otherwise specifically .so declared) shall be deemed and held, to be directory only, designed for the orderly arrángement of Records ánd procedure of officers in enforcing the revenue 'laws of the state; and no assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final, and no sale" or conveyance of real or personal property for nonpayment of taxes shall be held invalid except upon proof that the property was not subj ect to taxation, or that the taxes had been paid prior to the sale, ■or that the property had been redeemed prior to the execution and delivery of deed * * * ”, has he presented a case that entitles him to relief? He is not shown to have instituted this suit within sixty days from the time the assessment was final; he has not shown that his property was exempt from taxation; that the taxes on his property were paid prior to the sale, or that his property was redeemed prior to execution and delivery of the certificate. It is not shown- that he was ignorant of the assessments on his lands and had no way of ascertaining the amount of said assessments. .Section 192.21 originated in Chapter 10040, Acts of 1925, but the quoted part seems to have appeared in the amendment made by Chapter 22079, Acts of 1943. The quoted part also appeared in Chapter 20722, Section 1, Acts of 1941, prior to the assessments involved here. (Chapter 20722 did carry the requirement that no assessment shall be invalid unless suit is brought within thirty days.)
Equities may arise that will prevent strict enforcement of the statute. Whittington v. Davis, 159 Fla. 409, 32 So.2d 158. No such equities are shown in this case. In fact appellants rely on the contention that the description was so fatally defective that it failed to put them on notice of the assessment. In other words, they claim nothing that Section 192.21 does not charge them with notice of. From Hollywood, Inc., v. Clark, 153 Fla. 501, 15 So.2d 175, it appears that if someone else had paid the taxes in question through mistake or under the impression that he owed them, he would have been subrogated to right in the lien for the taxes paid. Because of the fact that appellants have not brought themselves within the exceptions to Section 192.21, F.S.1953, F.S.A., they have shown no reason in equity to preclude the application of said act. If they presented some equity in their 'favor or showed that they had been deprived of their property without due process or for other fundamental reasons, the case might be different.
Appellants further contend that the warrants attached to the tax rolls for the years 1942 to 1945 inclusive are invalid because they were not addressed to the tax collector. In our view there was shown to have been substantial compliance with the city charter. At least in the light of Section 192.21, F.S., F.S.A., the certificates were not invalid. Even if there was merit to this contention, it appears to be barred by laches.
Appellants further contend that the assessments on their lands for the years 1946 through 1949 are invalid because based on the county assessments and being so are not bona fide assessments of the city assessor. ' The record discloses cooperation between the county and city assessors in making up the tax rolls but we will not presume that such cooperation amounted to an un *752 lawful delegation of power or to an unlawful assessment.
It is last contended that since the lands in question were excluded from the city by Chapter 26442, Acts of 1949, no taxes can be imposed on appellants’ lands by the city for that year. It is shown that Chapter 26442 became effective October 4, 1949. The taxes had been assessed and the tax roll delivered to the tax collector. The taxes were, under Section 192.04, assessed as of January 1, 1949, they were accordingly within the city for the greater portion of the year and there is no showing of an intent on the part of the legislature to remit the taxes for that year.
The judgment appealed from is therefore affirmed.
Affirmed.
MATHEWS, C. J., ROBERTS, Jh and SANDLER, Associate Justice, concur.-