PIERCE, Judge.
This is an appeal by the taxing officials for Pinellas County from a summary judgment entered in favor of the appellees Charles R. Holley and Natalie S. Holley, his wife.
On June 7, 1968, the Holleys purchased a parcel of real estate in Belleair, Pinellas County. The seller netted $32,734.65 from the sale after the adjustments called for in F.S. § 193.021(8) F.S.A. had been made. Tax Assessor Haines assessed the property at a value of $40,210.00 for the year 1968. On July 18, 1968, a return of this property was made by the new owners to the local Tax Assessor declaring the fair market value to be $32,734.65, the net proceeds of sale paid to the seller. On the same date the Holleys also filed notice with the local Board of County Commissioners, sitting as the Board of Tax Equalization, that they wanted to appear and protest the excessive assessment of taxes on the property. Upon hearing held, the Board refused to disturb the assessment.
The Holleys then filed the instant action in the lower Court seeking to enjoin the Tax Collector from collecting any taxes from them based upon an assessment of more than $32,734.65 for the property, and seeking to direct the Tax Assessor to assess the property at a valuation not to exceed that amount. Defendants’ answer denied any over-assessment of the property. The Holleys moved for summary *153 judgment, attaching affidavits from the purchasers and seller to the effect that at the time of the purchase and sale they were willing but under no obligation to purchase or sell the property and that the transaction was in every sense at “arms length”.
After hearing on the motion the trial Court entered summary judgment finding inter alia that F.S. § 192.04, F.S.A. does not preclude the Tax Assessor from considering the sale of the property on June 7, 1968, “for the reason that it was sufficiently close in point of time to validly reflect the value on the statutory evaluation date of January 1, 1968”; that the Tax Assessor must consider all the factors listed in F.S. § 193.021, F.S.A.; and that the Tax Assessor is not permitted to arbitrarily ignore the actual selling price in a bona fide sale. The Court ordered the Assessor to reassess the property for the tax year 1968 in an amount not to exceed $32,734.65; and enjoined the Tax Collector from collecting from the Holleys any taxes for the year 1968 above that required on an assessed valuation of $32,734.65.
The tax officials have appealed to this Court, contending that the lower Court' erred in entering summary judgment for the reason that the Tax Assessor was required by law to assess the property on January 1, 1968, and the sale did not occur until June 7, 1968. We agree and reverse.
F.S. Section 192.04, F.S.A. provides that all real and personal property shall be subject to taxation on the first day of Jan'uary of each year. F.S. § 193.11, F.S.A. provides inter alia that the county tax assessor in each county shall ascertain all taxable real estate in his county as of the first day of January of such year, and shall make out an assessment roll of all such taxable property.
Appellants have not cited any cases exactly in point and our independent research has failed to reveal any. However, in the case of Lanier v. Overstreet, Fla.1965, 175 So.2d 521, which held F.S. § 193.11(3), F.S. A. to be constitutional, it was stated:
“In this state, the ad valorem tax on real and personal property accrues as of January 1st of the tax year; and the county tax assessor is required to assess the taxable property in his county and make out his assessment roll as of the 1st day of January of each year. Section 193.11(1), Fla.Stat, F.S.A. The character of a particular parcel — whether as improved or unimproved land, see Sec. 193.11(4), Fla.Stat., F.S.A., or as homestead property, see Section 192.141, Fla.Stat., F.S.A. — is determined as of January 1st and continues throughout the tax year regardless of any change in its character during that year. And all of the legislative directives in this field appear to have been designed to make sure that, in doubtful areas, the assessment will be made on the basis of the actual use to which the property is designed to be put during the particular tax year. * * * ” [Emphasis supplied].
See also Overstreet v. Ty-Tan, Inc., Fla. 1950, 48 So.2d 158; and State ex rel. Riverside Bank v. Green, Fla.1958, 101 So. 2d 805; Thompson v. City of Key West, Fla.1955, 82 So.2d 749; 84 C.J.S. Taxation § 394, note 13; 30 Fla.Jur., Taxation, § 109.
We hold that the ad valorem tax on the property involved accrued as of January 1, 1968, and that the valuation of the property for tax purposes should have been assessed as of January 1, 1968, which is what the Tax Assessor did. And even if the Assessor had considered the circumstance of the June sale, such sales price of the property is not the sole criterion in determining a just valuation of the property for tax purposes. State ex rel. Con-boy v. Colding, Fla.App. 1967, 200 So.2d 246; Keith Investments, Inc. v. James, Fla.App.1969, 220 So.2d 695. F.S. § 193.021, F.S.A. provides eight guideposts for Tax Assessors to use in determining a just valuation of the property. It was not sufficiently shown here that the Assessor did *154 not properly discharge his legal duty in assessing the instant property.
The judgment is reversed with'directions that further proceedings be had in accordance with this opinion.
Reversed and remanded.
LILES, A. C. J., and McNULTY, J., concur.