HALL, Judge.
Appellants, respondents in the trial court, appeal a summary judgment granting a final judgment for possession of certain real property. Appellants contend that the judgment granting possession based on a tax deed from Pinellas County was erroneous because of the following:
1. Florida Statute 197.256(2) (1981) required that the property be posted with a notice of the proposed tax sale.
2. Error in the tax sale procedure, resulting in lack of notice, made the sale voidable.
The subject of this action is real property in Pinellas County, Florida. The property was sold for taxes based on a certificate which relates to taxes due on October 30, 1980. The public sale was held on January 17, 1983. Appellees received a tax deed as a result of that sale. Shortly thereafter appellees attempted to take possession of the property and discovered appellants living there. Appellees then filed this action seeking a writ of assistance placing them in possession of the property. Appellants claim that their rights to the property are superior to those of appellees as they received a deed to the property on June 22, 1980, from the record title holder, Federal National Mortgage Association of Atlanta, Georgia. Appellants did not record their deed until February 3, 1983. Sometime prior to 1980 the property was destroyed by fire and was nonhabitable.
In accordance with Pinellas County appraiser procedures nonhabitable property is always classified as vacant property on the county tax rolls. This property had been classified as vacant property from the date of the fire until the tax sale. It is undisputed that appellants never paid or attempted to pay any taxes on the property from the date of their deed to the present. The tax assessor and tax collector were not made parties to this suit. Appellants do not dispute that all of the statutory requirements for the sale of vacant property were complied with including notice of the sale, by mail, to the legal title holder, Federal National Mortgage Association. But appellants contend that the tax assessor did not comply with the statutory requirement as to the classification of the subject property and erroneously classified it as vacant land. If this contention were correct, then the statute would require notice of the sale to be posted on the property. Appellants contend that it was not vacant property since they moved onto the property in June of 1981, after making some repairs to the property. Appellants had obtained permits for the repairs from the city of St. Petersburg. Even though appellants did not record their deed until after the tax sale, they contend that the property appraiser had a duty to search the records in the county or inspect the property to determine whether it was vacant and that if the appraiser had done so he would have discovered that it was not vacant and notice would have properly been posted on the property.
*1310 They also contend that the county did not use the property classification code adopted by the Department of Revenue as required by the statute. The record reflects that the only difference between the classification code of the Department of Revenue and Pinellas County was the addition of one digit. The department used a two-digit code, while the appraiser used a three-digit code to further designate property usage in some descriptions not available under the two-digit code used by the Department of Revenue. In support of their motion for summary judgment, appellees filed an affidavit from the deputy property appraiser stating that the Pinellas County property appraiser used a three-digit code instead of a two-digit code and the only difference between their code and the department’s was the additional digit. In addition, the property in question was classified as vacant property on their records under both codes.
In opposition to the motion for summary judgment, appellant Katie Ruth Levy, the wife of Edward A. Levy, filed an affidavit in which she stated that she and her husband purchased the property on June 2, 1980, from the Federal National Mortgage Association, moved onto the property in June of 1981, and made improvements thereon prior to that date. In paragraph 4 of her affidavit she stated, “I have never received any notice from any person or governmental authority that there were taxes owed on the property in question or that the property was to be sold for delinquent taxes nor has any such notice ever been posted on the property or delivered to me.” (Emphasis supplied). There is no affidavit filed by appellant Edward A. Levy in which he swears that he did not receive notice of the sale or the delinquent taxes.
The deed from Federal National Mortgage Association to appellants was a special warranty deed and listed Edward A. Levy and Katie Ruth, his wife, of Florida as grantees. The deed failed to list any address for appellants.
In arriving at our decision, this court must look to two sections of Florida Statute 197 (1981). We first must consider the provisions of section 197.056, Florida Statutes (1981). This section provides:
All owners of property shall be held to know that taxes are due and payable annually and are charged with the duty of ascertaining the amount of current and delinquent taxes and paying them before April 1 of the year following the year in which taxes are assessed. No sale or conveyance of real or personal property for nonpayment of taxes shall be held invalid except upon proof that:
(a) The property was not subject to taxation;
(b) The taxes had been paid before the sale of personal property; or
(c) The real property had been redeemed before the execution and delivery of the deed based upon a certificate issued for nonpayment of taxes.
It is apparent from this section of the statute that the legislature intended to place the burden on the property owner to notify the tax assessor of his interest in the property, ascertain the amount of taxes on the property, and pay the taxes assessed against said property prior to April 1 of each year. In the case of Thompson v. City of Key West, 82 So.2d 749 (1955), Justice Terrell states:
Since 1925 or earlier the legislature has more and more indulged the presumption that every property owner is on notice that his taxes are due annually. This is not an unreasonable presumption. It is a common cliche that “death and taxes are certain.” To indulge otherwise would be ridiculous as it would assume that one who lives in the country and owns a milk cow was not on notice that she had to be fed and milked twice a day.
In the case at bar we have two appellants who purchased a parcel of property in 1980, did not record the deed to their property until February 1983, and never have paid any taxes or offered to pay any taxes on the property. The statute deems them to know that taxes are due on the property, and it necessarily follows that they have a duty to notify the tax assessor of their interest in the property. They neither recorded their deed nor attempted *1311 to pay taxes on the property as required by the statute. Thus, it must necessarily follow that under the statute they would be barred from protesting lack of notice as to any sale of the property.
However, we should consider the pertinent provisions of section 197.256, Florida Statutes (1981), which provide as follows:
(1)(a) The clerk of the circuit court shall notify, by certified mail with return receipt requested or by registered mail if the notice is to be sent outside the continental United States, the following persons that an application for tax deed has been made:
1. Any legal titleholder of record if the address of the owner appears on the record of conveyance of the lands to the owner.
(2) ... In addition, if the legal titleholder does not reside in the county in which the property to be sold is located, a copy of such notice shall be posted in a conspicuous place on the property by the sheriff of the county in which the property is located. However, no posting of notice shall be required if the property to be sold is classified for assessment purposes, according to use classifications established by the Department of Revenue, as nonagricultural acreage or vacant land.
Appellants contend that the property was not vacant land, that the tax assessor did not utilize the use classifications established by the Department of Revenue, and that posting of notice was required under the statute. As noted, appellees filed an affidavit from the deputy property appraiser of Pinellas County stating that the property was classified as 000 under the Pinellas County Code, while the Department of Revenue Code would have resulted in 00 classification. The purpose of the additional digit was to allow Pinellas County to further define the property usage. Exhibits attached to the affidavits reflected that the county had used both systems in the classification of this property and that it was classified as 000 and 00 or vacant under either code. Appellants filed no affidavits disputing the fact that the county utilized the Department of Revenue Code in arriving at the vacant classification of the property. In view of the evidence before the trial judge, we find that he was correct in granting appellees’ motion for summary judgment. The evidence presented by appellees was sufficient to show that the county utilized the classification system established by the Department of Revenue, and this evidence was not rebutted by appellants.
Appellants further contend that the tax assessor has a duty to search all records in Pinellas County and personally inspect each parcel of property to determine its proper classification. We know of no legal requirement of the tax assessor to conduct such search or inspection. In fact, in the case of Stubbs v. Cummings, 336 So.2d 412 (Fla. 1st DCA 1976), the court held:
it is the function of the legislature to prescribe the system of imposing and collecting taxes and in the case of ad valorem real estate taxes the ultimate resort to collecting the taxes is to the land itself regardless of what legal or equitable interests in the land are outstanding. The legislature has not seen fit to impose upon the county officials involved in tax deed procedures a duty to ascertain the status of owners of property by a search of all public records which might reveal same, but rather rely upon the tax rolls or tax collector receipt books or other information that is directly furnished them by interested parties.
In addition we must point out that appellant Edward A. Levy did not file an affidavit stating that he did not receive notice of taxes due or the sale. In fact, the affidavit filed by appellant Katie Ruth Levy only states that she did not receive notice.
We must conclude that there has been no failure of due process in this case. The statutes provide a method of giving notice. Actual receipt of notice is not required, but strict adherence to the statutory requirements is essential, and it has not been shown that the Pinellas County *1312 tax assessor did not strictly adhere to the statutory requirements.
For the reasons stated we conclude that the judgment of the trial court be and the same is affirmed.
RYDER, A.C.J., and CAMPBELL, J., concur.