801 So.2d 961 (2001)
Michael R. BOSTWICK & Todd F. Bostwick, etc., Appellants,
v.
Edrick G. CLUKIES, et al., Appellees.
No. 5D00-2508.
District Court of Appeal of Florida, Fifth District.
November 9, 2001.
Rehearing Denied December 19, 2001.
*962 Lennon E. Bowen, III, of Bowen & Campione, P.A., Eustis, for Appellants.
Fred A. Morrison of McLin, Burnsed, Morrison, Johnson, Newman & Roy, P.A., Leesburg, for Appellees.
THOMPSON, C.J.
Edrick G. Clukies sued Orlando 311, LTD., a dissolved Texas limited partnership, and Robert Bostwick, in an action to quiet title to real property in Lake County, Florida, pursuant to Section 65.081, Florida Statutes (1997). Clukies purchased the property by tax deed. Constructive service was obtained on Orlando 311 and later a default was entered against it. Bostwick answered a later-filed amended complaint; he submitted that the tax deed should be set aside for various and sundry reasons.[1] The case proceeded to trial after which the trial court quieted title in favor of Clukies. From this final judgment, Bostwick takes his timely appeal and raises two issues.[2]
First, Bostwick suggests that although written notice of the tax deed sale was sent to him, the notices delivered by the clerk of court were inadequate because an attorney who prepared the mortgage for him listed his address on the face of the mortgage, but notice was not mailed to him prior to the tax deed sale. The tax collector failed to provide that address to the clerk, and that invalidates the tax deed. This argument is without merit.
First, the address in question simply reads "Prepared By/Return To" and then states "John E. McIntee, Esq., 241 E. Ruby Ave., Suite A., Kissimmee, FL 34741." There is no requirement that notice of the tax deed sale be sent to the preparer of the mortgage. Even if there was, the clerk of court only is responsible to notify the names provided to him in the tax collector's statement. Neither Section 197.502(4), Florida Statutes, nor section 197.522(1), Florida Statutes, requires the clerk to search all public records available to determine the actual status of ownership. See Stubbs v. Cummings, 336 So.2d 412, 415 (Fla. 1st DCA 1976). Further, these statutes do not require the tax collector to search all available records for names and addresses. See Levy v. Ippolito, 503 So.2d 1308, 1311 (Fla. 2d DCA 1987). Moreover, the clerk has no duty to determine the accuracy of the tax collector's information. See Alwani v. Slocum, 540 So.2d 908, 909 (Fla. 2d DCA 1989). For these reasons, the clerk of court's failure to provide notice to the preparer of the mortgage does not invalidate the tax deed.
Next, Bostwick argues that the tax deed should be invalidated because the tax collector statement provided to the clerk was signed by an employee serving under the tax collector for Lake County, rather than the tax collector himself. He also contends that the tax collector's seal was not placed on that statement, another statutory requirement.
Section 197.502, Florida Statutes (1999) provides in pertinent part:
(4) The tax collector shall deliver to the clerk of the circuit court a statement that payment has been made for all outstanding or, if the certificate is held by the county, that all appropriate fees have been deposited, and stating that the following persons are to be notified prior to the sale of the property:
* * *
(f) ... [t]he certificate shall be signed by the collector and the collector's *963 seal affixed. The collector may purchase a reasonable bond for errors and omissions of his or her office in making such certificate.
Tax collectors "may appoint deputies to act in their behalf in carrying out the duties prescribed by law." § 197.103, Fla. Stat. (2000). In effect, that is what occurred here. As to the lack of seal on the statement, the record reflects that indeed the seal of the tax collector was placed on the statement.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] Subsequently, Bostwick passed away and his co-personal representatives were substituted as parties.
[2] Both issues are on matters of law, thus appellate review is de novo.