**CLARANCE A. RUDISILL and HELEN RUDISILL, his wife, v. CITY OF TAMPA, a municipal corporation, organized and existing under the laws of the State of Florida; T. C. KELLER, as Tax Collector of the said City of Tampa; ANTHONY H. SCHLEMAN, as Tax Collector of Hillsborough County, a political subdivision of the State of Florida.**

9 So. (2nd) 380                                                  En Banc
August 4, 1942

Tom J. Landrum, for appellants.

Luther W. Cobbey, James S. Moody and Lewis Tribble, for appellees.

ADAMS, J.:

This case is before the Court on certificate under Rule 38 of this Court. The question certified is:

"Can a Plaintiff maintain a suit to enjoin a real estate tax assessment as so flagrantly and obviously excessive, per se as to amount to a legal fraud where the suit was instituted more than thirty days after the assessment became final, in view of Section 1, Chapter 20722, Laws of Florida, Acts of 1941, providing '. . . and no assessment shall be held invalid unless suit be instituted within thirty days from the time the assessment shall become final, . . .'?"

Certified to us with this question is copy of bill of complaint with motion to dismiss same. The purpose of the bill is to contest the legality of a tax on the ground that same is so grossly excessive as to constitute a fraudulent assessment.

Plaintiff contends that part of Section 1 of Chapter 20722, General Laws of 1941, ". . . and no assessment shall be held invalid unless suit be instituted within thirty days from the time the assessment shall become final, . . ." is void because: First, the title of the Act does not meet the requirements of Section 16, Article III of the Florida Constitution. Second, the limited period of thirty days deprives him of due process.

The title of the Act is sufficient to meet the requirements of Section 16, Article III.

Section 5 of the Act contemplates that the assessment shall be final when the original roll is delivered to the Collector and copies are delivered to the Clerk and Comptroller.

Property owners are obliged to know that their property is liable for taxes. Property owners are af-

forded a method by law to appear before administrative officers and obtain a fair and just assessment of their property.

It is indispensable to government that taxes be assessed and collected. The legislature is charged with the duty of providing a uniform and equal rate of taxation. Section 1, Article IX, Florida Constitution. The legislature is necessarily vested with power to enact necessary laws to secure a prompt collection of the annual tax. In the exercise of such powers they must not invade the constitutional rights of the property owner. Provision is made here however, for the owner to make return of his property and value same for taxation. He has further remedy to petition the equalization board for appropriate relief. He is allowed a minimum of thirty days from the final act of the administrative officers to resort to the courts if he feels aggrieved by the administrative taxing authorities. While the time may appear relatively short, nevertheless it cannot be said that the time fixed by the Legislature is so unreasonable as to amount to depriving him of his property without due process.

The legislature perhaps realized that unless the assessment was made final within a relatively short period of time the collection would be impaired thereby resulting in further inequalities in the burdens of taxpayers to sustain the cost of government.

The lower court is therefore advised that the Act in question is valid and the question is answered in the negative.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and THOMAS, JJ., concur.