[No. 30453. Department One. March 25, 1948.]

CHARLES A. ADAMS, *Plaintiff*, v. INGALLS PACKING COMPANY, *Defendant*.

HAYSSEN MANUFACTURING COMPANY, *Respondent*, v. LEOPOLD M. STERN, *as Receiver, Appellant*.[1]

*Stern & Stern, Sidney C. Volinn*, and *K. G. Smiles*, for appellant.

*McClure & McClure*, for respondent.

MALLERY, C. J.—Respondent, Hayssen Manufacturing Company, is engaged in business at Sheboygan, Wisconsin. Ingalls Packing Company was engaged in business at Auburn, Washington.

A conditional sales contract for the purchase of a model 5-9 Hayssen wrapping machine was signed by the Ingalls Packing Company, hereinafter called the vendee, on April 23, 1946. It was accepted by the Hayssen Manufacturing Company, hereinafter called the respondent vendor, on May 21, 1946. The vendee took possession of the machine August 23, 1946, at Auburn, Washington. The respondent

[1]Reported in 191 P. (2d) 699.

vendor had filed in the office of the auditor of King county, Washington, the memorandum of conditional sale on the day previous, August 22, 1946. This filing of the memorandum of conditional sale one day prior to the delivery of the machine is the crux of one of the questions presented in this case.

A payment of $157.50 by the vendee went forward with the order, leaving a balance of $1,417.50 unpaid on the purchase price of $1,575. The memorandum of conditional sale provided that the balance should be paid in monthly installments, witnessed by negotiable promissory notes, each bearing interest at the rate of six per cent per annum. It further provided that:

"The purchaser agrees to keep at his or its expense the said property in good condition and insured in a sum equal to the purchase price for the benefit of the seller. All taxes and license fees upon said property are to be paid by the purchaser."

The instrument further provided:

"It is expressly agreed that all the terms of the agreement between us are fully contained in this instrument, and the receipt of a duplicate is hereby acknowledged."

Only the initial payment was made on the contract.

The appellant receiver was appointed for the vendee on May 20, 1947. On June 10, 1947, the respondent vendor served and filed in the receivership proceedings its petition for reclamation. After a hearing, the trial court on October 10, 1947, entered its order granting the petition of the vendor for a return to it of the wrapping machine and directed the receiver to deliver it to the respondent vendor. This is an appeal from that order and judgment.

The appellant contends that the trial court erred in holding that the filing of a conditional sales contract on the day before possession of the property was taken by the vendee meets the requirements of Rem. Rev. Stat. (Sup.), § 3790 [P.P.C. § 187-1], and that the trial court also erred in ruling that a memorandum of conditional sale filed under Rem. Rev. Stat. (Sup.), § 3790, need not contain a positive statement that the stated sums comprising the purchase

price, together with a stated rate of interest, are the only and sum total of all the charges or purchase price attaching to such contract of sale.

The first question requires an interpretation of the language of Rem. Rev. Stat. (Sup.), § 3790, the pertinent part of which provides as follows:

"That all conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, *shall be absolute* as to all *bona fide* purchasers, pledgees, mortgagees, encumbrancers and subsequent creditors, whether or not such creditors have or claim a lien upon such property, *unless within ten days after the taking of possession by the vendee, a memorandum of such sale*, stating its terms and conditions, including the rate of interest and the purchase price exclusive of interest, insurance and all other charges, and signed by the vendor and vendee, *shall be filed in the auditor's office* of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides. . . ." (Italics ours.)

It is the appellant's contention that the statute means that there is a ten-day period beginning with the day of delivery and ending ten days thereafter within which the conditional sales memorandum must be filed. The respondent agreed that the time for filing ends ten days after the delivery, but asserts that it can be filed previous to delivery.

This is a case of first instance in this state. The parties concede that there is no citation exactly in point, and we find that those cases cited in which delivery was made in installments over a protracted period and in which the filing was made between the first and the last delivery are not particularly helpful.

The appellant contends that the evil sought to be cured by the statutes is properly stated by Professor Bogert in his Commentaries in the Uniform Conditional Sales Act, vol. 2A, § 3, as follows:

"It is fundamental in the technical conditional sale that the goods are delivered to the buyer . . . *The element of possession, without title, but with the appearance of title, is what has given rise to need for special legislation regarding the conditional sale* . . . (in order to protect

those who might lend credit on the basis of appearances.)" (Parenthesis ours.)

To this contention, the respondent replies that all the protection is given to subsequent creditors by a filing prior to delivery that could be given them by a filing after delivery.

The question to be decided is: Does the language, " . . . unless *within ten days* after the taking of possession by the vendee, . . . shall be filed in the auditor's office . . . " (italics ours) mean that the filing cannot precede possession?

In *In re Improvement Cliff Avenue,* 122 Wash. 335, 210 Pac. 676, the court, in deciding the meaning of the word "within," said:

"Appellant moved for a dismissal of the proceedings upon the ground that the appeal by respondents to the superior court from the ordinance levying the assessment was not made within the time prescribed by law. . . . the real ground of appellant's objection is that the appeal was premature. . . .

"We have held on appeals from the superior court to this court that a notice of appeal is premature if given before judgment is entered, and that upon the ground that *there is no judgment to appeal from.* . . . That the use of the word 'within' itself is not necessarily limited to the time preceding the commencing of the period named, but that it does fix the termination of the period is the result of several decisions cited in vol. 4, Words and Phrases (2d series), p. 1326, and two of the cases there cited, *In re Wittkowsky's Land,* 143 N. C. 247, 55 S. E. 617; *Belion v. Durand,* 39 Utah 532, 117 Pac. 798, are squarely in point with this case." (Italics ours.)

Upon this same question, it was said in *Davies v. Miller,* 130 U. S. 284, 32 L. Ed. 932, 9 S. Ct. 560:

"The clause requiring the importer to give such notice 'within ten days after the ascertainment and liquidation of the duties' must therefore, according to the fair and reasonable interpretation of the words as applied to the subject matter, be held to fix only the *terminus ad quem,* the limit beyond which the notice shall not be given, and not to fix the final ascertainment and liquidation of the duties as the

*terminus a quo,* or the first point of time at which the notice may be given."

We are satisfied with these definitions of the meaning of the words "within ten days" and are not inclined to interpret them as meaning that the filing was required to be made after delivery but within ten days thereof.

We find no merit in appellant's second contention. The instrument in question stated all of the charges and things required by the statute. To require it to contain a denial that there are any other charges outside of the instrument, would seem to be superfluous, since they would not be binding upon subsequent creditors in any event.

The judgment is affirmed.

MILLARD, SIMPSON, SCHWELLENBACH, and HILL, JJ., concur.