In re KELLER (two cases).

Nos. 39163, 39593.

United States District Court,
N. D. California, S. D.

April 13, 1954.

James M. Conners, San Francisco, Cal., for assignee.

E. Conrad Connella, San Francisco, Cal., for referee in bankruptcy.

HARRIS, District Judge.

Petitioner W. J. Hempy seeks to review the order of the Referee in Bankruptcy disallowing petitioner's claim. The Referee found that Charles Rudy, assignor of petitioner, failed to file his proof of claim within the requirements of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n.

The facts are not in dispute: Charles Rudy filed a document entitled "Proof of Claim" on October 27, 1952. Such filing was more than six months after the date upon which the creditors held their first meeting. However, it was prior to the order and adjudication authorizing sale and vacating the lien asserted by Rudy who was the principal creditor of the bankrupt.

The legal question for decision is this: Did Charles Rudy, assignor of W. J. Hempy, file a claim within thirty days after the order avoiding the lien asserted by Rudy?

The Court of Appeals for the Ninth Circuit in West Hills Memorial Park v. Doneca, 131 F.2d 374, held that a claim may be filed when bankruptcy proceedings are pending, as long as it is filed within the statutory limitation applicable. In the West Hills case the court had reference to the six months provision of 11 U.S.C.A. 93, sub. n. By parity of reasoning a claim may be filed prior to and within the thirty days provision of the section as well.

The term "within" as defined in numerous cases set forth in 45 Words and Phrases, Cumulative Pocket Part, means "not longer in time than" or "not later than." "Within" does not fix the first point of time, but the limit beyond which action may not be taken. See Adams v. Ingalls Packing Co., 30 Wash.2d 282, 191 P.2d 699, 701.

It Is Ordered that the above entitled matter be remanded to the Referee and that he grant W. J. Hempy leave to proceed on the claim filed by Charles Rudy.

If the Referee be so advised he may permit claimant to amend the claim in order to enable it to meet full technical compliance with the rules relating to proof of claims. Garvin v. Hickam, 10 Cir., 91 F.2d 323.