SHANNON, Judge.
The appellants, defendants below, have filed this appeal from two interlocutory orders, namely, an order denying their motion to dismiss the third amended complaint, and an order denying their motion for summary decree.
The plaintiff, in its third amended complaint, sought to enjoin the tax collector of Brevard County from collecting certain taxes for the year 1957 for the reason that the assessments were illegal, unjust, discriminatory, arbitrary, excessive and void, and prayed that a portion of such assessments be decreed void. The injunction was not granted, however, and the defendants filed a motion to dismiss and a motion for summary judgment. As to each of these motions the questions argued were whether or not the suit was brought within sixty days after the assessments became final and whether the plaintiff had any equities that would take the matter out of the sixty day period. The chancellor denied both motions.
The defendants have appealed, setting forth two points. The first point is whether the suit was barred by not having been brought within sixty days from November 1, 1957, the time at which the assessment became final, and the second is whether the third amended complaint states a cause of action. We shall treat both questions as one in this opinion.
Section 192.21, Florida Statutes 1957, F.S.A., provides in part:
“ * * * no assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final, * * * ”.
Prior to its amendment in 1943, this section allowed thirty days for the institution of suit.
Section 193.29, Florida Statutes 1957, F.S.A., requires the county commissioners to examine and compare the original assessment roll and two copies thereof and, *678 after these books have been examined and corrected, to endorse on them a certificate to that effect. After the tax rolls have been examined, corrected and endorsed, the county commissioners do not have power to change any assessment. Unlike Section S, Chapter 20722, Laws of Florida, Acts of 1941, this section, as presently amended, contemplates that the assessment is final after endorsement by the county commissioners. The affidavits of the clerk of the circuit court, ex-officio clerk of the board of county commissioners, and the tax collector, filed in support of the defendants’ motion, state that the assessment roll for the year 1957 was endorsed by the county commissioners on November 1, 1957 and delivered the same day to the tax collector with the certificate of the county commissioners endoi'sed thereon. The assessment, therefore, became final on November 1, 1957.
The plaintiff filed its complaint on March 24, 1958, some 144 days after the assessment had become final. The explanation for this, the plaintiff alleges in substance, is that during November and December of 1957 the plaintiff endeavored to examine the tax rolls of Brevard County to compare assessments on its property with assessments on comparable property, but found that the tax rolls were still being worked on by the tax assessor and were not available for purposes of comparison. In an affidavit filed in this case by the secretary and general manager of Merritt Island Lumber Company, Inc., it is stated that he had appeared before the tax assessor during the months of November and December 1957 and had been advised what the assessments on the land involved were, and that the tax assessor had offered to give him the assessment on any other parcel of land that he requested.
The gist of the third amended complaint is that the plaintiff complains that assessments were too high when compared to assessments of similar property. There is a question of whether or not any of the equities which were alleged in the bill of complaint are sufficient to counteract or override the requirement that the complaint had to be filed within the statutory period.
There are numerous cases in Florida that deal with the application of Section 192.21, Florida Statutes, F.S.A. However, for the purposes of our decision we will discuss only the cases of Rudisill v. City of Tampa, 1942, 151 Fla. 284, 9 So.2d 380, and Thompson v. City of Key West, Fla.1955, 82 So.2d 749. In Rudisill v. City of Tampa, supra, the question was certified to the Supreme Court of Florida and in its opinion the court said:
“ 'Can a Plaintiff maintain a suit to enjoin a real estate tax assessment as so flagrantly and obviously excessive, per se as to amount to a legal fraud where the suit was instituted more than thirty days after the assessment became final, in view of Section 1, Chapter 20722, Laws of Florida, Acts of 1941, providing “ * * * and no assessments shall be held invalid unless suit be instituted within thirty days from time the assessment shall become final, * * *”?’
* * * * * *
“Plaintiff contends that part of Section 1 of Chapter 20722, General Laws of 1941, ‘ * * * and no assessment shall be held invalid unless suit be instituted within thirty days from time the assessment shall become final, * * * ’ is void because: First, the title of the act does not meet the requirements of Section 16, Article III of the Florida Constitution [F.S.A.]. Second, the limited period of thirty days deprives him of due process. Const. Declaration of Rights, § 12.
* * t- * -i: *
“Property owners are obliged to know that their property is liable for taxes. Property owners are afforded a method by law to appear before administrative officers and obtain a fair and just assessment of their property.
*679 “It is indispensable to government that taxes be assessed and collected. The legislature is charged with the duty of providing a uniform and equal rate of taxation. Section 1, Article IX, Florida Constitution. The legislature is necessarily vested with power to enact necessary laws to secure a prompt collection of the annual tax. In the exercise of such powers they must not invade the constitutional rights of the property owner. Provision is made here however, for the owner to make return of his property and value same for taxation. He has further remedy to petition the equalization board for appropriate reief. He is allowed a minimum of thirty days from the final act of the administrative officers to resort to the courts if he feels aggrieved by the administrative taxing authorities. While the time may appear relatively short, nevertheless it cannot be said that the time fixed by the legislature is so unreasonable as to amount to depriving him of his property without due process.”
In the Rudisill case, supra, the complaint alleged that the tax assessments were so grossly excessive as to constitute a fraudulent assessment. The Supreme Court, in answering the certified question in the negative, conditioned its opinion upon the fact that the complaint had been filed too late.
Our Supreme Court had before it the same question in Thompson v. City of Key West, supra, and it held that the sixty day period (originally thirty days, but amended by the statute to sixty days in 1943) applied irrespective of the fact that the description of the land was defective and hence failed to put the landowners on notice of the assessment. It is true that in the Thompson case the court used the phrase [82 So.2d 751], “Equities may arise that will prevent strict enforcement of the statute”, but our Supreme Court goes on to say, “No such equities are shown in this case. In fact appellants rely on the contention that the description was so fatally defective that it failed to put them on notice of the assessment.” The case of Rudi-sill v. City of Tampa, supra, was cited. In the appellee’s own brief it is stated, “The Plaintiff’s complaint in this case is not that its land is assessed at more than the full cash value but that its lands are assessed at so much higher value than lands of the same class, quality and location as to he arbitrary and discriminatory.” From the two cases cited above it appears clear that the plaintiff in the instant case filed its complaint more than sixty days after November 1, 1957 and that it cannot bring itself within the quoted statement from the Thompson case.
The decree of the chancellor denying the motion for summary judgment on behalf of the defendants is reversed with instructions that he enter a decree in conformance with this opinion.
Reversed.
KANNER, C. J., and ALLEN, J., concur.