117 So.2d 849 (1960)
DADE COUNTY, Florida, a Political Subdivision of the State of Florida, et al., Appellants,
v.
DUPONT PLAZA, INC., a Florida Corporation, and Silver Sands Motel, Inc., a Florida Corporation, Appellees.
No. 59-611.
District Court of Appeal of Florida. Third District.
February 11, 1960.
Rehearing Denied March 2, 1960.
*850 Darrey A. Davis and William W. Gibbs, Miami, for appellants.
Sibley, Grusmark, Barkdull & King, Miami Beach, for appellees.
CARROLL, CHAS., Judge.
The interlocutory order appealed from by the county granted the application of certain taxpayers to restrain certification of the tax roll for 1959 as to certain real estate owned by those taxpayers, thus preventing the assessment on their property from becoming final.
The alleged invalidity of the assessment was not that it was void, for which suit could be filed at any time (Hackney v. McKenney, 113 Fla. 176, 151 So. 524), but that it was arbitrarily and grossly excessive,[1] for which claim of invalidity the time for filing suit was limited by statute to suits instituted "within sixty days from the time the assessment shall become final." Sec. 192.21, Fla. Stat., F.S.A.[2] Certification *851 of the roll by the county commissioners and delivery of the assessment roll to the tax collector and state comptroller, which the injunctive order prevented, would have conferred finality on the roll, under §§ 193.29 and 193.30, Fla. Stat., F.S.A.
In seeking reversal of the restraining order the appellants placed their principal reliance and arguments on two points. They contended that there was no basis to halt the completion of the assessment and that a suit to invalidate the assessment on the plaintiffs' real estate could only be filed within a period of 60 days from the time the assessment became final; and that the assessment in question has not yet become final. Appellants also contended that the injunctive order should be reversed for failure to join the state comptroller, whose presence as a party was made a condition of maintenance of such a suit, by statute.
It was contended by the appellees that the 60 day period for filing suit under § 192.21, means only that suit can not be filed after 60 days from the date the roll becomes final, but that the statute does not prohibit such suits when filed before the 60 day period limited for suit by the statute. That argument is without support. We hold, on our own construction of the meaning and intent of the statute, and on the authority of Rudisill v. City of Tampa, 151 Fla. 284, 9 So.2d 380, that a suit to avoid an assessment on the ground asserted in this case may be filed only during the 60 day period "from the time the assessment becomes final," and not before that prescribed period. See, also, Nash v. Merritt Island Lumber Co., Fla. App. 1959, 110 So.2d 677.
In the Rudisill case, where the claim was that an assessment was so grossly excessive as to constitute a fraud, the Supreme Court upheld the validity of the restricted period allowed by statute for such suits, and said:
"Property owners are obliged to know that their property is liable for taxes. Property owners are afforded a method by law to appear before administrative officers and obtain a fair and just assessment of their property.
"It is indispensable to government that taxes be assessed and collected. The legislature is charged with the duty of providing a uniform and equal rate of taxation. Section 1, Article IX, Florida Constitution [F.S.A.] The legislature is necessarily vested with power to enact necessary laws to secure a prompt collection of the annual tax. In the exercise of such powers they must not invade the constitutional rights of the property owner. Provision is made here however, for the owner to make return of his property and value same for taxation. He has further remedy to petition the equalization board for appropriate relief. He is allowed a minimum of thirty days[3] from the final act of the administrative *852 officers to resort to the courts if he feels aggrieved by the administrative taxing authorities. While the time may appear relatively short, nevertheless it cannot be said that the time fixed by the legislature is so unreasonable as to amount to depriving him of his property without due process.
"The legislature perhaps realized that unless the assessment was made final within a relatively short period of time the collection would be impaired thereby resulting in further inequalities in the burdens of taxpayers to sustain the cost of government."
These pronouncements by the court in the Rudisill case, expressing as they do the reasons for prompt disposition of such questions, and for restricting the time for filing suits seeking to have assessments declared invalid, show even more reason why such a suit to enjoin an assessment for claimed excessiveness should not be allowed in the form of an effort to prevent the making and completion of the assessment. By suing before the assessment is final, a taxpayer could avoid the requirement that the amount which he concedes to be proper shall be filed or paid in advance, and, more important, when a decree in such a suit is rendered adverse to the taxpayer, completion of the roll as to his lands for the tax year involved may be unduly delayed, with the consequence, as stated in the Rudisill case, that "collection would be impaired thereby resulting in further inequalities in the burdens of taxpayers to sustain the cost of government." Therefore, it would appear that the provision in the statute that suit may be filed only within a limited period "from the time the assessment shall become final," means after the assessment has become final, and is a material and important feature of the statute.
It was error to restrain the completion of the tax roll as to the plaintiff's property, on a claim of gross excessiveness of the assessment, in a suit which was not filed within the period allowed by the statute because it was brought before the assessment had become final. Section 192.21, Fla. Stat., F.S.A.
Also, we must uphold the contention of the appellants that it was error for the chancellor to entertain the suit and grant the injunction when the comptroller had not been made a party as required for the maintenance of such a suit by § 196.14, Fla. Stat., F.S.A.[4] See Simpson v. Loftin, 160 Fla. 20, 33 So.2d 230.
For the reasons stated the injunction or restraining order appealed from is reversed, and the cause is remanded with directions to dismiss the complaint.[5]
Reversed.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] The complaint, in its paragraph V challenged the validity of the assessment as follows:

"Said defendant Tax Assessor, contrary to his duty and obligation under the law as aforesaid, assessed, fixed and determined the value of the above-described property for ad valorem tax purposes arbitrarily, unjustly, unfairly and with unconscionable discrimination, in that the said property was grossly and unlawfully over-valued relatively and comparatively to property of the same class and kind similarly situated and utilized in said county.
"The plaintiff's property is assessed by said tax assessor for the year 1959 at a value many times higher in proportion to its actual full cash value then the valuation placed by him on property generally in the County of the same class. The said assessed valuation was excessively high and grossly out of proportion to the assessed valuation fixed on property generally in said county."
[2] The statute, § 192.21, Fla. Stat., F.S.A., includes this language:

"* * * All owners of property shall be held to know that taxes are due and payable thereon annually, and are hereby charged with the duty of ascertaining the amount of such tax and paying the same before the first day of April of the year following the year in which such taxes were assessed; all provisions of law now existing or which may be hereafter enacted relating to the assessment and collection of revenue (unless otherwise specifically so declared) shall be deemed and held to be directory only, designed for the orderly arrangement of records and procedure of officers in enforcing the revenue laws of the state; and no assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final, and no sale or conveyance of real or personal property for nonpayment of taxes shall be held invalid except upon proof that the property was not subject to taxation, or that the taxes had been paid prior to the sale, or that the property had been redeemed prior to the execution and delivery of deed based upon certificate issued for nonpayment of taxes. * * *" [Emphasis supplied.]
[3] The Rudisill case dealt with this statute as set out in § 1 of Ch. 20722, Laws of Florida 1941, reading: "* * * and no assessment shall be held invalid unless suit be instituted within thirty days from time the assessment shall become final, * * *" The statute was amended to provide for 60 days time instead of 30 days in which such suits could be filed, by Ch. 22079, Laws of Florida 1943, but otherwise is unchanged in the provisions pertinent here.
[4] This section [§ 196.14, Fla. Stat., F.S.A.] provides in pertinent part as follows:

"No suit or proceeding shall be maintained in any court of this state for the purpose of canceling or contesting the validity of any tax assessment or tax certificate unless the comptroller of the state be made a party to such proceedings. * * *"
[5] Dismissal of the present suit, for having been filed outside of the limited period prescribed by the statute, will not necessarily deprive the taxpayers of an opportunity to renew their challenge of the validity of the assessment, when and after the assessment becomes final on their said property, by filing suit "within sixty days from the time the assessment shall become final," as provided for in § 192.21, Fla. Stat., F.S.A.