124 So.2d 1 (1960)
William F. CHATLOS, trading and doing business as Golden Gate Hotel and Motel, Appellant,
v.
Earnest OVERSTREET, as Tax Collector for Dade County, Florida, et al., Appellees.
Supreme Court of Florida.
November 2, 1960.
Anderson & Nadeau, Miami, for appellant.
Darrey A. Davis and William W. Gibbs, Miami, for appellees.
*2 ROBERTS, Justice.
This is an appeal from a decree construing, passing upon and sustaining the constitutionality of F.S. Section 192.21, F.S.A., and therefore reviewable in this court by direct appeal.
The statute in question is that portion of F.S. Sec. 192.21, F.S.A., which provides: "* * * and no assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final * * *."
The construction in question is the holding that the statute prohibits a taxpayer from instituting a suit until the tax roll becomes final, even though he has exhausted all of his administrative remedies prior to the date set at which the assessment becomes final.
The appellant, the plaintiff in the trial court, had objected to the assessment on his property and had made and presented his objections to the Board of Equalization of Dade County. The Board denied him relief on July 27, 1959. The appellant then, on September 10, 1959, filed his complaint against the tax collector to enjoin the collection of taxes, claiming that the assessments were illegal, discriminatory and excessive, and on October 5, 1959, the tax roll became final while the suit was pending. The trial commenced on January 12, 1960, and the final decree was filed April 7, 1960. The circuit court in its decree stated: "This court is of the opinion that it has no constitutional power to hear and determine this cause for the reason that under the decision [rendered Feb. 11, 1960] in the aforesaid case [Dade County v. Dupont Plaza, District Court, Third District, Fla. 1960, 117 So.2d 849], jurisdiction in this court is wanting unless a suit to enjoin the assessment is filed after the roll becomes final, which was October 5, 1959, and prior to the expiration of sixty days from that date." And, further, "The plaintiff has urged upon the court several contentions among them being * * * that the Legislature may not limit the jurisdiction of the court as is claimed was done here by F.S. 192.21 * * * that the construction placed upon F.S. 192.21 renders it unconstitutional." The court then dismissed the suit, stating, "The court has considered the contentions * * * and * * * it is of the opinion that the matter is foreclosed by the decision above referred to [Dade County v. Dupont Plaza, supra,] and that the court has no jurisdiction to entertain this suit."
Appellant attacks the constitutional validity of the statute as construed by the court. The contention is that the construction violates Section 4, Declaration of Rights, Florida Constitution, F.S.A., which guarantees that the courts shall be open for the administration of justice without delay, that when he had exhausted his remedy by presenting his complaint to the Board of Equalization he then had a constitutional right after its denial of relief to seek judicial protection. Appellant contends that the legislature could not close the door of the courts to him and delay his relief until the tax collector had completed the ministerial functions pursuant to the order of the Board of Equalization. Appellants contend that the court had jurisdiction and should have ruled on the equities of his case as presented by the extensive testimony at the trial.
We are conscious of our duty to interpret a legislative act so as to effect a constitutional result if it is possible to do so. With this in mind we have examined the construction of F.S. Sec. 192.21, F.S.A., in Rudisill v. City of Tampa, 151 Fla. 284, 9 So.2d 380; Thompson v. City of Key West, Fla., 82 So.2d 749; Nash v. Merritt Island Lumber Co., Fla.App., 110 So.2d 677, which hold that no suit can be instituted after the expiration of the sixty day period. It is of course within the legislative power to enact laws to secure a prompt collection of taxes providing the enactments do not deprive the taxpayer of his property without due process.
*3 The instant case, however, presents a different problem in that the construction of the statute applies to the inception of the period during which the suits may be instituted. We think that the construction of the statute, limiting the time at which a suit can be instituted after a taxpayer has exhausted his effective remedies, creates an unconstitutional burden on the right of an appellant to litigate his cause and such holding was error. In this case the appellant promptly and vigilantly instituted his suit when he had exhausted his administrative remedies. The ruling of the circuit court precludes the expeditious disposal of such cases and is therefore contrary to our constitutional mandate in this regard. A concomitant part of the doctrine of exhaustion of administrative remedies, or primary jurisdiction, is that a party will not be required to take vain and useless steps in the expenditure of the administrative remedy in order to perfect the right to seek judicial redress. See State ex rel. Florida Dry Cleaning and Laundry Board v. Atkinson, 136 Fla. 528, 188 So. 834. The established rule with respect to initiation of judicial proceedings in contest of administrative acts is therefore easily distinguishable from that governing ordinary appellate review of judgments. See Winn & Lovett Grocery Co. v. Luke, 156 Fla. 638, 24 So.2d 310, Magnant v. Peacock, 156 Fla. 688, 24 So.2d 314.
The language of the act is, however, susceptible, upon reason and authority, of a different construction, as providing only a terminal limitation upon the right to institute suit. "The term `within' as defined in numerous cases set forth in 45 Words and Phrases, Cumulative Pocket Part, means `not longer in time than' or `not later than.' `Within' does not fix the first point of time, but the limit beyond which action may not be taken. See Adams v. Ingalls Packing Co., 30 Wash.2d 282, 191 P.2d 699, 701." In re Keller, D.C.Cal., 120 F. Supp. 274, 275. See also In re Kruse's Estate, 170 Kan. 429, 226 P.2d 835, and Tanzilli v. Cassassa et al., 324 Mass. 113, 85 N.E.2d 220. We so construe the statute, and having done so F.S. Section 192.21, F.S.A., is a valid exercise of legislative power.
The decree of the chancellor dismissing the suit for lack of jurisdiction is reversed and the cause remanded with instructions to proceed in conformance with this opinion.
Reversed and remanded.
THOMAS, C.J., and TERRELL, HOBSON, DREW, THORNAL and O'CONNELL, JJ., concur.