QUESTION: May a tax collector accept an advance payment of estimated ad valorem taxes prior to the time that the tax roll is certified to him for collection, subject to a stipulation that upon certification the payment will be adjusted according to the taxes due as certified?
SUMMARY: Except as authorized by s. 194.171(3), F.S., or s. 13 [s. 197.012, F.S.], Ch. 74-234, Laws of Florida, a tax collector is without statutory authority to accept payment of ad valorem taxes in any manner prior to the receipt by the collector of a tax roll, properly certified pursuant to s. 193.122, F.S. Your question is answered negatively. Section 197.012, F.S., as amended by s. 13, Ch. 74-234, Laws of Florida, provides in part: All taxes shall be due and payable on November 1 of each year or as soon thereafter as the assessment roll, of which he shall give notice by publication, may come into the hands of the tax collector. . . . (Emphasis supplied.) Thus, unless otherwise provided by statute or authorized rule, the tax collector is empowered by law to collect taxes only after he has received a duly certified tax roll. The Florida Tax Assessor's Guide (Real Property Section) is to the same effect. At p. 91 it states in pertinent part the following: . . . the Tax Collector is not authorized to collect any taxes until the roll has been completed, equalized, millages set, roll corrected, taxes extended and certified to the Collector. Payment of any taxes would not be authorized until the above has been completed due to the fact that the taxes have not been officially determined and fixed "pursuant to law". Until the tax books have been opened for payment the tax Collector cannot legally determine what the tax of an individual taxpayer will amount to for a particular year. . . . The above-quoted provision of the Tax Assessor's Guide is in full force and effect except as altered or superseded by subsequent legislative acts or rules. Cf. AGO 061-92. At present, only two exceptions to the above rule exist. The first is found in s.194.171(3), F.S. Under that section, a taxpayer wishing to challenge his assessment prior to the certification of the tax roll may pay the portion of his taxes which he admits to be owing. See Chatlos v. Overstreet, 124 So.2d 1 (Fla. 1960). The second exception is contained in s. 197.012, F.S., as amended by s. 13, Ch. 74-234, supra. That section requires the placement in escrow of an amount equaling 120 percent of the previous year's tax bill when a governmental unit acquires fee title to privately owned property during the tax year. Besides those two statutes, no authority exists for the payment or collection of taxes prior to certification of the tax roll to the collector. The Department of Revenue, in a memorandum to the county tax collectors dated November 27, 1974, has determined that until the tax collector has received a properly certified tax roll, he is precluded from accepting payment of ad valorem taxes unless the payment is being made under s. 194.171(3), or under s. 13 [s. 197.012, F.S.], Ch. 74-234. That determination and interpretation, made by the administrative agency charged with the supervision and enforcement of this state's tax collection laws, is entitled to great weight. Courts generally will not depart therefrom except for the most cogent reasons and unless such construction is clearly erroneous. This being so, the construction given by the Department of Revenue is conclusive unless and until determined otherwise by the courts. Attorney General Opinion 074-71. It is therefore my opinion that the tax collector is without statutory authority to accept payment of ad valorem taxes in any manner prior to the receipt by him of the tax roll properly certified pursuant to s. 193.122, F.S., except in those cases mentioned above where payment prior to certification of the roll is authorized by statute.