776 So.2d 964 (2000)
Vincent S. CARTHANE, Appellant,
v.
James V. CROSBY, Jr., Superintendent, Florida State Prison, Appellee.
No. 1D99-3463.
District Court of Appeal of Florida, First District.
December 22, 2000.
Rehearing Denied February 1, 2001.
*965 Vincent S. Carthane, pro se.
No appearance for Appellee.
PER CURIAM.
Vincent Carthane appeals the trial court's denial of his petition for writ of habeas corpus, contending that he is entitled to immediate release from Florida State Prison based upon various statutes and rules. The trial court held, in part, that he had failed to exhaust administrative remedies. Carthane has filed dozens of grievances and appeals on various aspects of this matter, and we conclude that it would be a useless act to require him to file yet another. See, e.g., Department of Health v. Curry, 722 So.2d 874 (Fla. 1st DCA 1998) (the doctrine of exhaustion of administrative remedies is not jurisdictional, but is based upon considerations of policy), review dismissed, 729 So.2d 390 (Fla.), review denied, 735 So.2d 1284 (Fla. 1999); Chatlos v. Overstreet, 124 So.2d 1, 3 (Fla.1960) ("A concomitant part of the doctrine of exhaustion of administrative remedies, or primary jurisdiction, is that a party will not be required to take vain and useless steps in the expenditure of this administrative remedy in order to perfect the right to seek judicial redress."). The Florida State Prison has no greater expertise than this court in deciphering Carthane's argument, which is based solely upon his interpretation of statutes and rules. Because his arguments are meritless, we affirm.
Carthane was convicted of burglary of a conveyance with a battery in 1990, a life felony under section 810.02(2), Florida Statutes (1989). The recommended sentence under the guidelines was between 2 ½ and 3 ½ years in prison. The trial court imposed a 30-year sentence, but did not include written reasons for departure or sign the scoresheet. Carthane has repeatedly been denied postconviction relief based upon his challenges to the validity of his scoresheet. He is currently incarcerated at Florida State Prison under close management.
Carthane alleged in his present petition that the close-management review team was required to consider his sentencing guidelines scoresheet in order to keep him in close management, and, because the scoresheet did not contain written reasons for departure, it is void; therefore, he should be released from close management and prison altogether. The statutes and rules he relies upon do not support this argument.
Section 944.1905, Florida Statutes (1999), which requires the Department of Corrections (DOC) to consider aggravating and mitigating factors in classifying inmates, contains no requirement that DOC consider the reasons for departure on a guidelines scoresheet. Section 944.09(3), Florida Statutes (1999), which mandates DOC to keep a record of the "authority ordering [disciplinary] punishment" of inmates, does not require DOC to consider the written departure reasons on a guidelines scoresheet. Nor does Florida Administrative Code Rule 33-601.806(2) (formerly 33-38.006), which provides that the close-management review team consider certain written materials, including, "(b) Completion of an updated custody score *966 sheet," direct the review team to update an inmate's sentencing guidelines scoresheet.
Finally, section 944.17(5), Florida Statutes (1999), states that DOC shall refuse to admit a prisoner into the correctional system unless accompanied by a uniform commitment form. Carthane contends that if DOC were to be required to produce his uniform commitment form, it would reveal that his "updated custody scoresheets" and computation of "aggravating factors used to calculate an effective release date" are invalid, because there were no departure reasons on his guidelines scoresheets; therefore, he is entitled to immediate release. Nothing in any of the authorities Carthane cited warrants such a result.
AFFIRMED.
BARFIELD, C.J., ERVIN and WOLF, JJ., concur.