974 So.2d 1133 (2008)
Melvin SYKES, Appellant,
v.
The STATE of Florida, M.L. Flores, Warden, Baker C.I., Appellees.
No. 1D07-2363.
District Court of Appeal of Florida, First District.
February 11, 2008.
*1134 Melvin Sykes, pro se, Appellant.
Sean T. Garner, Assistant General Counsel, Florida Department of Corrections, Tallahassee, for Appellees.
PER CURIAM.
We disregard the Department of Corrections' motion for rehearing or certification, which was filed by an attorney who is not of record in this case, because it is a legal nullity. See Bortz v. Bortz, 675 So.2d 622, 624 (Fla. 1st DCA 1996). Accordingly, we deny Melvin Sykes' motion to strike, as moot. On our own motion, however, we withdraw our previous non-final opinion and substitute the following for the purpose of clarification.
Melvin Sykes, Appellant, seeks review of a dismissal of his petition for writ of habeas corpus, wherein he complained that the Baker County Correctional Institution had violated section 944.17(5), Florida Statutes, by admitting him on the basis of an incomplete Uniform Commitment to Custody Form. The trial court denied the petition on two grounds: first, because it construed Appellant's arguments as a collateral attack on his judgment and sentence; and second, because Appellant had failed to exhaust administrative remedies. Based on the first ground for denial, the trial court ruled that the petition was "dismissed without prejudice to Petitioner's right to seek post-conviction relief in the appropriate court." We agree with the trial court that the petition was subject to dismissal, but we disagree with the court's conclusion that it lacked jurisdiction over the matter. Accordingly, we affirm the order and write only to clarify that Appellant may file a new petition in the same court if he can demonstrate that he has exhausted all administrative remedies.
The trial court was correct to conclude that petition for writ of habeas corpus is not the proper vehicle for launching collateral attacks on a judgment and sentence, see Spratling v. State, 851 So.2d 228, 228 (Fla. 1st DCA 2003), and that only the sentencing court has authority to consider *1135 such attacks. See Leichtman v. Singletary, 674 So.2d 889, 891 (Fla. 4th DCA 1996). However, the trial court erroneously concluded that Appellant's arguments under section 944.17(5) constituted a collateral attack. See Carthane v. Crosby, 776 So.2d 964, 965-66 (Fla. 1st DCA 2000) (considering the merits of a petition for writ of habeas corpus that alleged DOC had violated section 944.17(5)). Appellant did not request any change in his judgment or sentence. Instead, he requested that he be transferred back to the custody of the sentencing court, based on his argument that the Baker County Correctional Institution never should have accepted him into custody in the first place. Assuming arguendo that Appellant stated a claim for relief, the Circuit Court for Baker County had jurisdiction to examine the claim. We write to note that the circuit court's conclusion that it lacked jurisdiction was erroneous, but we express no opinion as to whether the Legislature, in enacting section 944.17(5), intended to create an avenue by which prisoners could challenge the actions of the Department of Corrections, as this issue is not properly before us.
Even though the circuit court had jurisdiction to examine the issues Appellant raised, it did not err in dismissing the petition. Dismissal was proper because the petition failed to show on its face that Appellant had exhausted all administrative remedies. See Moore v. Singletary, 624 So.2d 849, 850 (Fla. 1st DCA 1993). Essentially, the circuit court's order reached the correct result, but for the wrong reasons. Thus, it will be upheld. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999). The circuit court's erroneous reasoning regarding jurisdiction appears on the face of the order and therefore, suggests that the dismissal "without prejudice to [Appellant's] right to seek post-conviction relief in the appropriate court" bars Appellant from filing a petition based on the same claim in the Circuit Court for Baker County. Technically, however, the order does not prevent Appellant from re-filing his petition in the Circuit Court for Baker County after exhausting administrative remedies, as that court would be "the appropriate court." Consequently, we deem it unnecessary to remand for correction of the order. Subject to the clarifications noted in this opinion, the order is AFFIRMED.
VAN NORTWICK, LEWIS and THOMAS, JJ., concur.